| 23 | 259 |
|----|-----|
| 80 | 395 |
| 80 | 396 |

## ROBERTS v. CHAN TIN PEN *et al.*

THE rule that a party must particularly specify his objections to evidence when offered, applies only to those objections which relate to the question whether the evidence is admissible or not, and does not relate to the question as to the weight to be given to the evidence after it is admitted, or to matters tending to overthrow, contradict, or invalidate it.

Roberts *v.* Chan Tin Pen.

When the complaint in ejectment is general in its terms, and makes no mention of deeds, and the answer is equally general in its denials, and on the trial plaintiff relies on tax deeds to recover, the defendant has a right to introduce any evidence allowed by the statute, to show the invalidity of the tax deeds, or the title acquired under them.

If the plaintiff relies on tax deeds to recover, the defendant has a right to show that the land assessed to him included a tract in which he had no right, title, interest, or claim.

When the assessment is not of an undivided interest in, but of an entire tract or parcel of land, the Tax Collector has no power or authority to sell an undivided interest therein for the non-payment of taxes.

The owner of the property assessed, and in default of his doing so, the Tax Collector has a right to designate at or before the time of sale any portion less than the whole tract which will be sold; but when this designation is made, the parcel sold must be particularly located by metes and bounds in the general tract, so that the purchaser may know its exact boundaries and what part of the tract remains unsold.

If the description of the tract sold at the time of the sale is general, as "fourteen feet" in a certain lot, the sale is void for uncertainty, and the defect cannot be cured by inserting a proper description in the certificate of purchase or collector's deed.

APPEAL from the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*S. H. Brodie,* for Appellants.

The assessments were void, because the property of the See Yup Company was wrongly assessed, in that an alley eight feet front on Pine Street by one hundred and thirty-seven and one-half feet deep was added to it, which was neither owned, possessed, nor claimed by said company, nor by these defendants; but over it they had the right of way only, and their recorded deed showed it. (3 Kent's Com. 419.)

The Assessor has no power to join in one assessment two pieces of land owned by different persons. (Stat. 1859, 346, Sec. 3; *Terrill* v. *Graves et al.,* 18 Cal 149; *Barker* v. *Blake,* 36 Me., 433; Blackwell on Tax Titles, 175, 176.)

1st. By such an assessment A would be made to pay B's debt.

2d. Such an assessment is beyond the Assessor's power, because it might deprive the property owner of his right to designate to the

collector the piece he wishes sold, should less than the whole suffice to pay the taxes, which right the statute secures to him. (Stat. 1857, 332, Sec. 17.)

3d. An assessment joining A's land with that of B, would be void further, because if A should designate to the collector B's land as the piece to be sold, if less than the whole be taken, and B should designate A's land, the collector could not sell at all, because it is only when the owner fails to designate that the Tax Collector has any power to designate what portion shall be bid upon. (Id.)

The deed of Hunt following the sale of one-eighth was void, because it is only when " an undivided interest is assessed "—which was not the case here—that the Tax Collector can sell an undivided interest. (Id.; Black. on Tax T. 332.)

Again, both deeds were void, because :

1st. Uncertainty of the land sold (" one-eighth " and " fourteen feet "). (*Kelsey* v. *Abbott*, 13 Cal. 619.)

2d. Variance between the piece bid on and that described in the said deeds respectively.

3d. The pieces mentioned in and intended to be conveyed by said deeds were not sold at auction, but only at private sale ; for only " one-eighth " and " fourteen feet " were knocked off at auction, and the officer had no power to make a private sale. (Black. on Tax T. 313.)

4th. The Tax Collector's act, in conveying by metes and bounds, amounted to an attempted exercise of the power to partition the land between the owner assessed and the supposed purchaser of part.

A partition can only be had by agreement of parties, or else by decree of a Court. Of course, the Tax Collector has no such power given him by law. It would be monstrous if the law should confer such a power ; for if the officer may sell a certain number of feet without locating them, and then convey by metes and bounds what portion of the property he pleases, it is easy to see that if an enemy should purchase, the officer might convey to him the least valuable portion ; while if a friend was the successful bidder, he would obtain that part of the land which was best located, most valuable, and covered, perhaps, with costly improvements. (Id. 338.)

*J. J. Papy*, for Respondent.

The defendant objected to the introduction of both these deeds upon the ground that they were null and void upon their faces. The defendant did not offer to show in what the deeds were null and void; therefore, the ruling of the Court was correct. (*Kiler et al.* v. *Kimball et al.*, 10 Cal. 267 ; *Martin* v. *Travers*, 12 Id. 243.)

The deeds being admitted as evidence without legal objection, or without objection at all, they are " declared to be all the requisites essential to the validity of the sale made for taxes, or assessments." (Stat. 1859, 349, Sec. 23.)

And the deed conveys to the purchaser the absolute title to the lands described in the deed, clear of all encumbrances, etc. (Id.)

And such deed shall be conclusive proof of the matters by it set forth; except, that the Court may examine only in regard to such deed, and may hear any testimony in relation thereto, as follows, etc. (Id.)

The Court has already decided that a defendant is limited to the defenses authorized by statute. (*Mills* v. *Tukey*, 22 Cal. 373.)

If the defendants failed to present their objections at the time of the offer of the deeds in evidence, and also failed to allege any one of them as defenses in their answer, then they are estopped from controverting any one of the allegations of the deeds. They are conclusive, so far as they can convey title ; and nothing but a superior outstanding title can avail the defendants. This they have not. (For the meaning of the word " conclusive," see Bouvier's Law Dictionary, Burrill, Webster, etc.)

The statute finally determines that all the statements in the deed are true—not to be rebutted. When matters are pronounced " conclusive," they are rendered effectually so, by not permitting the party to give any evidence against them. (Greenl. 204.)

The answer of the defendants, being a simple general denial, they could not avail themselves of any testimony. They could not contradict the plaintiff's evidence, except to show a superior outstanding title in a third party. " Matters in avoidance must be specially pleaded. They cannot be used under an answer which is

Roberts *v.* Chan Tin Pen.

a simple denial of the allegations of the bill." (*Gaskill* v. *Moore*, 4 Cal. 233; *Piercy* v. *Sabin*, 10 Id. 22.) In which the Court say : "If the onus of proof is thrown upon defendant, it is new matter." (*Payne & Dewey* v. *Treadwell*, 16 Cal. 244.)

The first two exceptions in the statute, and the only ones upon which defendants can rely, are :

1st. "That the property, or a larger part of which it is a portion, was not assessed or equalized according to law."

2d. "That the taxes, or a portion of them, were not levied by law, or by some person or body under authority of law."

Plaintiff insists that under these exceptions, the defendants cannot give any evidence relative to the manner of conducting the sale, because the sale, or act of the Tax Collector, is no part of the assessment or equalization ; nor is it levying the tax. The assessment, equalization, and unlawful levy of the tax, can alone be examined into, under a proper averment in the answer. Everything else not allowed by statute is excluded, and the deed made conclusive.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover possession of a lot in the City of San Francisco, the plaintiff claiming title thereto under two tax deeds. He recovered judgment, from which the defendants appeal.

The plaintiff introduced in evidence the two tax deeds—one executed by J. Hunt as Tax Collector, under a sale for delinquent taxes for the year 1859–1860, conveying a portion of the premises described in the complaint; and another executed by E. H. Washburn as Tax Collector, under a sale for delinquent taxes for the year 1860–1861, conveying the remainder of the premises.

After the plaintiff had closed his testimony, the defendants introduced in evidence a deed, under which they claimed title, which showed that a lane or alley, eight feet wide, on the west side of the premises deeded to them, was not included therein ; and they also offered to prove by a witness, that this alley was not possessed or owned by the defendants, but that it was an open alley, over which the owners of the adjoining property had a right

of way only. The Court excluded the testimony, and this ruling is assigned as error. When the tax deeds were offered in evidence, the defendants objected to their introduction, on the ground, first, that no preliminary evidence, laying the basis for their introduction, had been offered; second, that they were void on their face; which objections were overruled by the Court. The complaint in this case is general in its terms, making no reference to the tax deeds, or the peculiar character of the title under which the plaintiff claimed. The answer is equally general in its denials and averments. The respondent insists that the Court properly overruled this objection, because, first, the point it was sought to sustain by the evidence was not specifically made as an objection to the introduction of the tax deeds, citing 10 Cal. 267; 12 Id. 243; second, the matter was not specifically set forth as a defense in the answer. These objections of the respondent also apply to the other evidence offered by defendants attacking the tax deeds, which was ruled out by the Court. The rule that a party must specify his objections to evidence when offered, applies only to those objections which relate to the question whether the evidence is admissible or not, and does not relate to the question as to the weight to be given to the evidence after it is admitted, or to matters tending to contradict, overthrow, or invalidate it. It, therefore, has no application to the present case. The objection that these matters are not set forth in the answer is equally untenable. Under the general denials of the answer, the defendants had a clear right to introduce any evidence allowed by the statute, to show the invalidity of the tax deeds, or the title acquired under them. The respondent also insists, that, as the statute only permits a tax deed to be attacked upon certain points, therefore these points must be specifically stated in the answer. But this is also untenable. The statute expressly declares, that Courts of Law and Equity may examine in regard to such deed, and may hear any testimony in relation thereto to show the points on which the permitted objections are founded. It is a matter, therefore, of evidence, and not of pleading. Besides, as the complaint makes no reference to a tax deed or title, the defendants were not bound to make any reference to it in their answer.

The statute authorized the Court to hear testimony to show "that the property, or a larger parcel, of which it is a portion, was not assessed or equalized, as required by law," and under this the defendants had a right to show that the lot or portion of a lot assessed to them included a tract in which they had no right, title, interest, or claim, and which was not in their possession, charge, or control; and if this eight-foot alley was thus improperly included in the assessment, the defendant had a right to prove those facts. We think, however, that the exclusion of the parol evidence worked no injury in this respect to the defendants; as the deed introduced by them shows that they had an interest in this alley to the extent of a right of way over it, as appurtenant to adjoining property conveyed by the deed. The alley does not appear to have been a public highway. The fact that it was included in the assessment with such adjoining property was not, therefore, sufficient to invalidate the assessment.

The property assessed in 1859, and which is the same as that described in the deed to the defendants, except that it includes the alley, was offered for sale by the Tax Collector in December, 1859, and at that sale plaintiff bought "one-eighth" of the whole premises. The evidence shows that there was no statement or designation made, before or at the time of the sale, to the bidder, of the particular portion or location of the part he should bid on, should less than the whole be taken; nor was any designation thereof made until the certificates of purchase were made out, which was from two weeks to two months after the sale.

The property assessed in 1860 is also the same as that described in defendant's deed, except that it includes the alley; and it was offered for sale by the Tax Collector in December, 1860, when the plaintiff purchased "fourteen feet" of the premises. No designation was made, at the time of the sale, of the particular portion to be taken by the purchaser, when less than the whole property was bid for. The evidence shows that this fourteen feet was not located or specifically designated until some time after the sale.

The deeds made in pursuance of these sales do not conform to the purchases made in any respect. The Hunt deed, instead of conveying the "one-eighth" of the premises assessed, describes

18

an irregular tract, three feet one and one-quarter inches wide at one end, and eight feet seven and one-eighth inches at the other, and running across the premises one hundred and thirty-seven feet six inches in length. The Washburn deed conveys a strip fourteen feet wide at each end, and running across the premises one hundred and thirty-seven feet six inches in length, and includes a portion of the premises conveyed by the Hunt deed.

The statute under which the sale was made (Wood's Dig. 619, Sec. 17) authorized the owner of the property to designate, prior to the commencement of the sale, what portion of the property he wishes bid on; but, if he did not so designate, " then the Tax Collector shall designate; and the person who will take the least quantity or smallest part of the land; or, in case 'an undivided interest is assessed, then the smallest portion of such interest, etc., etc., shall be declared to be the purchaser." It will be noticed that it is only in case that an " undivided interest is assessed," that a portion of such interest can be bid for. In this case, no undivided interest in the property was assessed; and the Tax Collector had no power or authority to sell an undivided interest therein to the plaintiff. It is clear also, that the intention of the statute is, that, when there is a sale of a less portion than the whole, and the owner has not designated the portion he wishes sold, and the Tax Collector is thus authorized to designate, such designation must be made before or at the time of the sale of the particular tract put up for sale, and that such designation cannot be made afterward. By the terms used in the statute, it is evident that the designation, whether by the owner or by the Tax Collector, must precede the actual sale to the purchaser. And, independent of these terms, if the statute had left it ambiguous, the necessity of such designation before the property is sold is apparent. It is important that the purchaser shall know what portion of the premises he is purchasing, that he may be able to bid understandingly; and it is of the greatest importance to the owner, as thereby the competition will be closer among the bidders. Besides, if the designation is not made until afterward, a door is left open for the grossest frauds. It follows, that there was not, in fact, any sale of the particular tracts described in the tax deeds. The property

Roberts *v.* Chan Tin Pen.

really sold, was not sufficiently described to enable it to be located, or to render the sale valid.  If the tax deeds had correctly described the tracts really sold according to the facts; that is, " one-eighth " and " fourteen feet" of the assessed premises—they would have been clearly void for uncertainty of description.  It does not show whether the " fourteen feet " are fourteen square feet or fourteen feet square, or in what portion of the premises it was intended to be located—whether on any side or in the center; and the same difficulty exists as to the " one-eighth."  This uncertainty of description could not be remedied after the sale by the Tax Collector; for that would be virtually attempting to make a new sale, not at public auction, but in the most private manner.  This objection to the title claimed under the tax deeds is properly included within the statutory provision upon this subject, which permits proof " that, at a proper time and place, the property was not sold at public auction, by a proper officer or by a person acting *de facto* as such officer."  It in fact shows, that the property attempted to be conveyed by the tax deeds was never sold at all. It follows, that the tax deeds conveyed no title to the purchaser.

Sec. 32 of the Revenue Law in force at the time these taxes were levied and sales were made (Wood's Digest, 623), provides, that every tax levied under the provisions of that act shall be a judgment against the person and a lien upon the property assessed, " which judgment shall not be satisfied or the lien be removed, until the taxes are all paid or the property has absolutely vested in a purchaser under a sale for taxes."  Sec. 20 also provides that this lien of the State is transferred to and vested in the purchaser at the tax sale, upon filing the certificate of purchase with the County Recorder; and it can only be divested by payment of the taxes and a per centage.  No title having vested in the purchaser under this sale for taxes, it is a question whether this lien for taxes does not still exist upon the property; and also whether, under Sec. 20, the purchaser cannot in equity be subrogated to the rights of the State, and enforce this lien accordingly.  But, as these questions have not been discussed by the counsel for the parties, and were not raised in the Court below, it is unnecessary to determine them at the present time.

The judgment is reversed and the cause remanded.