BALCOM v. O'BRIEN *et ux.*

1. Defendant executed a note to F. Thereafter suit was brought on the same by B., to whom it had been indorsed, the indorsement purporting to be by N. F., F.'s attorney in fact. On the trial, plaintiff offered the note in evidence without objection, and at the conclusion of plaintiff's evidence defendant moved the court to direct a verdict in his favor, for the reason that there was no evidence to prove that N. F. was the attorney in fact of F. *Held* that, as the note and indorsement were admitted in evidence without objection, defendant could not thereafter be heard to object that there was no proof that N. F. was the attorney of the payee.

2. Where, in an action on a note, which had been indorsed by the payee to plaintiff, the indorsement reciting that it was made by an attorney in fact of the payee, and plaintiff's attorney testified that he received the note from plaintiff, and on cross-examination testified that he supposed payee was the owner of the note, but when he came to look up the note he found that the payee was not, and never had been, since it was immediately transferred to plaintiff, and being asked how he knew such facts, stated he knew them by reason of correspondence he had with the payee and the plaintiff, although such evidence was clearly hearsay, not having been objected to, it was not error to refuse to direct a verdict for defendant on the ground that there was no evidence that plaintiff was the owner of the note.

3. Where defendant, through one D., executed and delivered a note to the payee thereof, and thereafter, in an action on the note by an indorsee of the payee, defendant claimed that he had paid the money to D., and D. testified that he deposited the money in his bank to defendant's account, and evidence was undisputed that D. was not at that time, and never had been, either the agent of the plaintiff or defendant, it was proper to direct a verdict in favor of plaintiff, since the evidence showed no payment.

(Opinion filed August 29, 1900.)

Appeal from circuit court, Meade county. Hon. J. B. MOORE, Judge.

Action upon a promissory note by George L. Balcom against William H. O'Brien and wife. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Chas. C. Polk*, and *Horner & Stewart*, for appellants.

*Wesley A. Stuart* and *C E. DeLand*, for respondent.

CORSON, J. This is an action upon a promissory note executed by the defendants, payable to the order of John L. Farwell, and claimed to have been indorsed by his attorney in fact, George N. Farwell, and delivered to the plaintiff. A verdict

was directed in favor of the plaintiff, and the defendants appeal.

The execution of the note by the defendants was not denied; but the indorsement and delivery to the plaintiff, and that plaintiff is the owner and holder thereof, was denied by the answer. It is alleged in the answer that said John L. Farwell, payee named in the note, was a resident of the State of New Hampshire, but was engaged in loaning money in the State of South Dakota; that all transactions in reference to such loans, including the paying and receiving of money, both principal and interest, were attended to by the Bailey Loan Company, which was his duly-authorized agent in this state, and that said loan company transacted its business at Sturgis, S. D., through Joseph J. Davenport; that these defendants, through the said loan company and said Davenport, executed and delivered the said note mentioned in the complaint, and that the defendants, on the 4th day of January, 1896, paid the said note, both principal and interest, to the said John L. Farwell, through his duly-authorized agents. On the trial the plaintiff's counsel produced the note, and the following proceedings were had: " 'We now offer in evidence the note.' (No objection. The note, with all indorsements thereon, admitted, marked 'Exhibit A.')" The indorsement appearing upon the note is as follows: "Without recourse. John L. Farwell, per Geo. N. Farwell, His Atty. in Fact." At the conclusion of plaintiff's evidence defendants moved the court to direct a verdict in their favor, for the reason that there was no evidence offered or received tending to prove that George N. Farwell was the attorney in fact of John L. Farwell, and the appellants now contend that this motion should have been granted. Respondent, however,

insists that, as the note and indorsements were admitted in evidence without objection, the indorsement appearing upon the note itself was sufficient evidence that the said George N. Farwell was the attorney in fact of John L. Farwell. We are inclined to agree with the plaintiff in this contention. Had the defendants intended to take an objection to the admission of the indorsement for the reason that there was no proof that George N. Farwell was the attorney in fact of John L. Farwell, they should have made that objection at the time the note was offered in evidence. Had such objection been made, such indorsement would not have been admissible without proof that George N. Farwell was the attorney in fact of John L. Farwell. Spicer v. Smith, 23 Mich. 96. A party who fails to object to incompetent evidence cannot thereafter claim that such evidence was erroneously admitted. The reason of the rule is, if a party makes no objection when the evidence is offered, his silence may be well taken by his adversary as a waiver of all objections. In addition to this, it is due the court and in the furtherance of justice that his attention should be called to the legal principle which it is claimed will be violated by the admission or rejection of evidence. Hayne, New Trials & App. § 103; Roberts v. Chan Tin Pen, 23 Cal. 264; Thomp. Trials, § 823, and cases there cited. While it appears from the record that only the note was offered in evidence, it further appears that the note and all indorsements thereon were admitted, without objection. Again, it appears from the evidence given by the attorney for the plaintiff that he received the note from the plaintiff, Balcom, and on cross-examination he testified, without objection: "I supposed he [speaking of George N. Farwell] was the owner of the note from the information I got

from Mr. George N. Farwell; but, when I came to look up the note, George N. Farwell found that he was not, and never had been, the owner of the note since it was executed, as it was immediately assigned and transferred over to Mr. Balcom. Mr. John L. Farwell, as a matter of fact, was lending Mr. Balcom's money, and this was Mr. Balcom's money." The witness, being asked how he knew these facts, stated that he knew them by reason of correspondence he had had with George N. Farwell and Balcom. While this evidence was clearly hearsay, and, if objected to, would have been clearly inadmissible, yet, not being objected to, it became evidence in the case. Warder, Bushnell & Glessner Co. v. Ingli, 1 S. D. 155, 46 N. W. 181. The court committed no error, therefore, in refusing to direct a verdict for the defendants at the conclusion of plaintiff's evidence.

The defendant on the trial testified that he paid the money due upon the note to Joseph J. Davenport, who was at that time vice president of the First National Bank of Sturgis, and Davenport testified that he deposited the money in the bank to the defendant's account. It clearly appears, however, from the undisputed evidence, that Davenport was not at that time, and never had been, either the agent of Farwell or of the plaintiff and that his only connection with Farwell or the plaintiff at any time was in transacting business at Sturgis for the Bailey Loan Company. The defendants therefore entirely failed to prove payment of the money due upon the note, either to John J. Farwell or to the plaintiff. The payment of the money to Davenport, or its deposit in the bank, did not have the effect of extinguishing the defendants' liability upon their note, They therefore failed to make out any defense to the

action, and the court was clearly correct in directing a verdict in favor of the plaintiff. It is true there was some conflict in the evidence as to whether or not the money was actually deposited in the bank by the defendants, or was paid over to Davenport as an individual. But this is not material in this case, for, whether deposited in the bank or paid to Davenport, it constituted no payment to Farwell or the plaintiff. We do not deem it necessary, therefore, to attempt a review of the evidence, as no useful purpose would be served by such review. The judgment of the court below is affirmed.