[18078.   Department Two.—June 3, 1893.]

## MARY IVES CROCKER ET AL., RESPONDENTS, v. A. H. CARPENTER ET AL., APPELLANTS.

ACTION TO DETERMINE ADVERSE CLAIM—EQUITABLE DEFENSE — SPECIFIC PERFORMANCE—JURY TRIAL.—In an action under section 738 of the Code of Civil Procedure, to determine an adverse claim to real property, where the defendants admit the legal title to the land to be in the plaintiffs, and claim a right to the possession of the land under an alleged agreement for the sale of the land made by the predecessor of plaintiffs, to which they claim to have succeeded by assignment, and which they, in effect, ask to have specifically performed, the defendants are not entitled to a jury for the trial of the equitable issues thus presented.

GENERAL OBJECTION TO EVIDENCE—PARTICULAR OBJECTION NOT URGED—REVIEW UPON APPEAL.—Where a general objection to the admission of evidence is overruled by the trial court, the party against whom the ruling is made cannot be permitted for the first time to urge in the appellate court a particular objection which, if it had been openly urged in the trial court at the time of the ruling complained of, might have been easily cured.

ID.—ADMISSIONS OF UNVERIFIED ANSWERS—KNOWLEDGE OF DEFENDANTS.—Where unverified answers in a former action are offered in evidence as admissions of the defendants, and are objected to generally as incompetent, irrelevant, and immaterial, and as not being in rebuttal, it cannot be urged on appeal for the first time that the proper foundation had not been laid for the admissions by proof that the facts stated in the answers were inserted with the knowledge of the defendants.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. H. Carpenter, Thompson & Paulsell,* and *E. Murphy,* for Appellants.

It was error to deny defendants' demand for a jury trial. (*Donahue* v. *Meister,* 88 Cal. 121; *Hughes* v. *Dunlap,* 91 Cal. 388.)

*Louttit, Woods & Levinsky, Wilson & Wilson,* and *A. L. Rhodes,* for Respondents.

There was no error in denying the demand for a jury trial, as it was within the discretion of the court to grant or refuse it. (*Societe Francaise* v. *Selheimer,* 57 Cal. 623, 624; *Lorenz* v. *Jacobs,* 59 Cal. 262, 264; *McLaughlin* v. *Del Re,* 64 Cal. 472; *Curnow* v. *Blue Gravel etc. Co.,* 68 Cal. 262; *Fish* v. *Benson,* 71 Cal. 430; *Downing* v. *Le Du,* 82 Cal. 471.)

DE HAVEN, J.—The complaint in this action states substantially a cause of action under section 738 of the Code of Civil Procedure, which authorizes one person to bring an action against another, claiming an interest in real property adversely to him, for the purpose of determining such adverse claim; and the prayer of the complaint is that the defendants be required to set forth the nature of their adverse claims, and for a judgment that the title of plaintiffs to the lands described be quieted and declared good and valid, and that plaintiffs are entitled to the possession of the same, and the defendants be enjoined "from asserting any claim whatever of, in, or to the said lands . . . . or any part thereof, or to the possession thereof, adverse to these plaintiffs." The judgment of the superior court was in favor of plaintiffs and the defendants appeal.

1. The court did not err in refusing the demand of the defendants that all the issues made by the pleadings should be tried by a jury. It is certainly true that in an action brought under section 738 of the Code of Civil Procedure, the issues may be such as to require their trial by a jury upon the demand of either of the parties. In the case of *Donahue* v. *Meister,* 88 Cal. 121, which is relied upon by defendants, the court said that the main effect of section 738 of the Code of Civil Procedure

was "to give parties the right to compel others by suit to litigate and determine controversies in cases where such right did not exist before; but, if in such a suit issues arise which are clearly cognizable in a court of law, the code does not take away the right to have such issues tried by a jury"; and this same principle was again affirmed in the later case of *Newman* v. *Duane*, 89 Cal. 597; but there is a very broad distinction between those cases and the one now under consideration. In both of the cases cited the issues were of a purely legal character, as distinguished from those usually arising in what are termed equitable actions. In *Donahue* v. *Meister*, from which we have just quoted, the defendant asserted a right to the possession of the premises in controversy, founded upon prior possession, and alleged that he had been ousted from such possession by the plaintiff in the action, and he demanded judgment for the recovery of such possession, and the court simply held that the issues tendered by this answer were such as are involved in an ordinary action for the recovery of real estate, and that the defendant was entitled to have the same tried by a jury. So, also, in *Newman* v. *Duane*, 89 Cal. 598, the defendant was in possession, and in his answer not only denied that the plaintiff was the owner of the land there in controversy, but also alleged that he, the defendant, had been in possession of such land for more than fifteen years, and it was held by the court in that case that the action under the issues thus made was in substance one for the recovery of specific real property, and that the defendant was entitled to a jury for the trial of his alleged rights; but in the case at bar there are no such issues. In this case the defendants admit that the legal title to the land described in the complaint is in the plaintiff, and, while alleging possession in themselves, they do not claim any right to such possession except under and by virtue of an alleged agreement for the sale of said lands made by the predecessor of plaintiffs, and to which agreement the defendants claim they have succeeded by assignment, and they aver that "they are now ready, able, and willing to make to plaintiffs herein the payments" required by such agreement, and under the general prayer of their answer they in effect ask for a specific performance of such agreement. Indeed, in the brief filed in this court in behalf of defendants, their counsel

say: "The defendants based their defense upon these contracts, and demanded a specific performance thereof." It is very clear to us that the defendants were not entitled to a jury for the trial of the equitable issues thus presented.

2. The court admitted in evidence the answers of certain defendants in an action brought against them by one Tully R. Wise, concerning this same land. The answers were not verified by the defendants referred to, nor signed by them, and there was no evidence showing that they knew the contents of such answers when filed, or that they had ever authorized the attorneys signing them to make the statements therein contained. The defendants objected to the admission of these papers upon the general grounds of incompetency, irrelevancy, and immateriality, and also, as not being in rebuttal. We think there was no error in overruling the general objection thus made. If the defendants desired to object to the offered evidence upon the ground that the proper foundation for its admission had not been laid, because it had not been shown that the facts stated in such answers were inserted with the knowledge of defendants, the objection should have been specifically pointed out and called to the attention of the court and the opposing counsel. If this specific objection had been made, it is possible that it could have been removed by further evidence upon the part of plaintiffs showing such knowledge; but the general objection that the offered evidence was incompetent was not sufficient. When such a general objection is overruled by a trial court, the party against whom the ruling is made cannot be permitted for the first time to urge in the appellate court the particular objection which, if it had been openly urged in the trial court at the time of the ruling complained of, might have been easily cured. This is not laying down a merely technical rule. It is one which has its foundation in the proper consideration of what is due to the court and adverse counsel in the trial of a case. As was well said by the supreme court of the territory of Arizona in *Rush* v. *French,* 1 Ariz. 124: "The object of requiring the grounds of objection to be stated, which may seem to be a technical rule, is really to avoid technicalities and prevent delay in the administration of justice. When evidence is offered to which there is some objection, substantial justice

requires that the objection be specified so that the party offering the evidence can remove it if possible, and let the case be tried on its merits." (See also *Bundy* v. *Hyde,* 50 N. H. 121; *Brumley* v. *Flint,* 87 Cal. 471.)

3. There are many other errors assigned upon rulings of the court in the admission and exclusion of evidence, but we do not deem it necessary to notice them further than to say that we discover no material error in the record.

Judgment and order affirmed.

McFarland, J., and Garoutte, J., concurred.

Hearing in Bank denied.