[No. 19131. Department One.—August 15, 1893.]

# THE COLTON LAND AND WATER COMPANY, APPELLANT, v. DANIEL SWARTZ ET AL., RESPONDENTS.

EVIDENCE—JUDGMENT ROLL—LATER OF TWO JUDGMENTS ALONE CONSIDERED.— There can properly be but one judgment in a judgment roll, and if two judgments are found therein, the later in point of time is the only one which can be considered as a part of the judgment roll, and the fact that the earlier judgment is bound up with the roll can not impair the admissibility of the judgment roll in evidence, or affect the later judgment which alone forms part of it.

ID.—SALE UNDER LATER JUDGMENT—COLLATERAL ATTACK—VACATION OF EARLIER JUDGMENT—PRESUMPTION.—Where a judgment roll is offered in evidence which improperly contains two judgments, it will be conclusively presumed upon collateral attack upon a sale under the later judgment, that the earlier judgment was vacated by consent of the parties, or under such circumstances as to justify its vacation by order of the court, and that an order vacating the earlier judgment, which forms no part of the judgment roll, appears in the minutes of the court, and it is not necessary in order to sustain such sale to offer any evidence that the former judgment was annulled.

ID.—EJECTMENT—SALE UNDER EXECUTION—JUDGMENT—EFFECT OF APPEAL— EXECUTION NOT STAYED.—In an action of ejectment, where the defendant claims the right to the possession of the property through a sale under an execution, it is necessary for him to introduce in evidence the judgment as the basis of the execution, and if the enforcement of the judgment has not been stayed, the fact that an appeal therefrom has been taken does not prevent the judgment from being received in evidence and considered, as a collateral fact in support of the execution.

ID.—DEED OF CORPORATION—SEAL—CONTENTS OF DEED—CAPACITY OF GRANTOR —OBJECTION UPON APPEAL.—If the grantor of a deed is in fact a corporation, and the corporation seal is affixed thereto, a statement in the deed that it is incorporated is not essential, and an objection upon appeal, that a deed offered in evidence at the trial does not show upon its face that the grantor was a corporation, will not be considered where the only objection to its introduction taken at the trial was the general objection that the deed was incompetent, irrelevant, and immaterial, there being no proof that the grantor was not a corporation in fact, and no objection urged upon that ground in the court below.

ID.—GENERAL OBJECTIONS—SPECIAL OBJECTION WHICH MIGHT BE OBVIATED.— Under a general objection to evidence, a party cannot upon appeal urge an objection which is merely formal or special, and which, if it had been pointed out when the evidence was offered, might have been obviated.

ID.—MAP OF CITY LOTS—DEPOSIT FOR RECORD—ACKNOWLEDGMENT NOT RE-QUIRED.—A map is not an "instrument" which affects the title or possession

of real property, within the meaning of the recording act, nor is it an instrument which is to be executed by the party who prepares it, or of which an execution can be acknowledged; but it is sufficient if it be deposited in the recorder's office, and a map so deposited is properly referred to as being of "record" therein, and may be received in evidence, even though it be not acknowledged.

ID. — PAROL EVIDENCE — LOCATION OF ADDITION TO CITY. — Parol evidence is admissible to show that a tract of land described in a deed as a part of "Colton addition" lies within the limits of the city of Colton.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Charles R. Gray,* for Appellant:

The judgment of May 29, 1889, was in full force at the trial of this action, and any other judgment was a nullity, and under it the purchasers acquired no title by virtue of the sheriff's deed. (*Barry* v. *Superior Court,* 91 Cal. 487; Code Civ. Proc., secs. 1908, 1916, 1962.) The deed from the bank to Swartz does not show that it was a corporation, and parol evidence is not admissible to supply such proof. (Code Civ. Proc., secs. 1858, 1859; *Sonoma Co. W. Co.* v. *Lynch,* 50 Cal. 503.) The action in which the judgment and execution were made and issued was still pending, and therefore they were not admissible in evidence to establish any rights in defendants under that judgment, or to support the sheriff's deed. (Code Civ. Proc., secs. 1049, 1908, 1962; *Murray* v. *Green,* 64 Cal. 363; *Barry* v. *Superior Court,* 91 Cal. 487.) The court erred in admitting in evidence the pretended deed from the bank, as the grantor was not described therein as a corporation. (*Sonoma Co. W. Co.* v. *Lynch,* 50 Cal. 503.) The map of "Colton addition" was not admissible, as it was not acknowledged or entitled to record. (Civ. Code, sec. 1161.) The court erred in permitting parol testimony to identify the land known as the "Colton addition." (*Cadwalader* v. *Nash,* 73 Cal. 43; *Brandon* v. *Leddy,* 67 Cal. 43.)

*Frank F. Oster,* and *William G. Webb,* for Respondents.

The judgment of November 21, 1889, was regular on its face and was therefore valid. (1 Black on Judgments, secs. 218, 246; *Mayo* v. *Foley,* 40 Cal. 281; *Chase* v. *Christianson,*

41 Cal. 253; *Bucknall* v. *Story*, 46 Cal. 589; 13 Am. Rep. 220; *People* v. *Hagar*, 52 Cal. 171; *Linehan* v. *Hathaway*, 54 Cal. 251; *Brodrib* v. *Brodrib*, 56 Cal. 563.) As the judgment of November 21, 1889, is valid, it cannot be collaterally attacked. (*Ex parte Sternes*, 77 Cal. 156; 11 Am. St. Rep. 251; 1 Black on Judgments, secs. 245, 246; *De Sepulveda* v. *Baugh*, 74 Cal. 468; 5 Am. St. Rep. 455; *Harnish* v. *Bramer*, 71 Cal. 156; *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146.) The sale under the execution issued upon the judgment of November 21, 1889, is valid. (*Gray* v. *Hawes*, 8 Cal. 562; *Bagley* v. *Ward*, 37 Cal. 122; 99 Am. Dec. 256; *Hunt* v. *Loucks*, 38 Cal. 372; 99 Am. Dec. 404; *Hibberd* v. *Smith*, 50 Cal. 511; 1 Black on Judgments, secs. 218, 245, 246.) The description of the land in the complaint was sufficient. (*De Sepulveda* v. *Baugh*, 74 Cal. 468; 5 Am. St. Rep. 455; *Doll* v. *Feller*, 16 Cal. 432.) The description of the property in the deed offered in evidence was sufficient, as any ambiguity therein was properly removed by parol testimony of the defendants. (Civ. Code, sec. 3538; *Ferris* v. *Coover*, 10 Cal. 590; *Manson* v. *Koppikus*, 11 Cal. 89; *Altschul* v. *San Francisco C. H. Ass'n*, 43 Cal. 171; *Penry* v. *Richards*, 52 Cal. 496; *Anderson* v. *Richardson*, 92 Cal. 624, 625.) The deed from the bank to Swartz sufficiently showed that it was executed by a corporation by its recitals, by the corporate seal being attached, and by its being acknowledged that the corporation executed it. (Civ. Code, sec. 1185; Angell & Ames on Corporations, sec. 224; *Miner's Ditch Co.* v. *Zellerbach*, 37 Cal. 543; 99 Am. Dec. 300; *Southern California etc. Ass'n* v. *Bustamente*, 52 Cal. 192; *Crescent City Wharf etc. Co.* v. *Simpson*, 77 Cal. 286.) The pendency of the appeal did not prevent the defendants from using the judgment in evidence, as no *supersedeas* bond was filed. (Code Civ. Proc., sec. 942; *Farmer* v. *Rogers*, 10 Cal. 335; *Goodlett* v. *St. Elmo Investment Co.*, 94 Cal. 297.) The judgment and execution were properly introduced to support the sheriff's deed. (*Quirk* v. *Falk*, 47 Cal. 453; *Vassault* v. *Austin*, 32 Cal. 597; *Schuyler* v. *Broughton*, 65 Cal. 253.)

HARRISON, J.—Ejectment for a lot of land in the city of Colton. Judgment was rendered in favor of the defendants,

and the plaintiff has appealed. The title of the defendants is derived from the plaintiff through a sale under an execution issued upon a judgment against it in favor of the San Bernardino National Bank, rendered by the superior court of San Bernardino County, and unless the judgment under which that sale was had is valid the judgment herein should have been in favor of the plaintiff. The appellant contends that the superior court had no jurisdiction to render the judgment under which the sale was had, and that the execution issued thereon and the sale by virtue thereof were void and ineffective to transfer any title to the property sold.

The action of the San Bernardino National Bank against the present plaintiff was commenced March 27, 1889, and a demurrer to the complaint therein having been overruled, judgment was ordered in favor of the plaintiff as asked in the complaint, and entered May 29, 1889. Subsequently the plaintiff herein filed an answer to the complaint, and upon the issues presented by its answer a trial was had, and findings filed by the court, upon which judgment was entered November 21, 1889. Upon this judgment an execution was issued, and by virtue of a sale thereunder is derived whatever title the defendants have to the demanded premises. When this judgment roll was offered in evidence the appellant objected to its introduction upon the grounds that it was incompetent, irrelevant, and immaterial, and now urges that the court erred in admitting it and that it is not entitled to be considered as evidence in establishing the transfer of title to the land, for the reason that the judgment of May 29th was the final judgment in the case, and that, upon its entry, the court lost jurisdiction to enter any other judgment in the action, so long as that remained upon its record, and that inasmuch as there was no evidence introduced showing that it had been vacated or set aside, the judgment of November 21st was void and not the basis of an execution or sale.

1. A judgment roll is defined in section 670 of the Code of Civil Procedure, and consists of the papers therein enumerated. This "roll" does not depend upon the fact that the clerk has fastened these papers together, nor do any other papers which the clerk may have joined with those which the statute declares shall constitute the judgment roll become a part of such roll by

reason of having been so joined. The papers thus designated as forming the judgment roll are those which are elsewhere mentioned in the code as a part of the proceedings culminating in the judgment. The "judgment," of which a copy is to be included in the "roll," is the judgment defined in section 577 of the Code of Civil Procedure, as "the final determination of the rights of the parties in an action or proceeding," and as there can be but one "final determination" in an action, it follows that there can be but one judgment in the judgment roll, and that if during the proceedings in an action a judgment shall be set aside and another one thereafter entered, only this last judgment can form a part of the judgment roll just as when the complaint or answer is amended, only the amended pleadings or those upon which the cause was tried form the "pleadings" which are a part of the judgment roll. In *Paige* v. *Roeding*, 96 Cal. 388, the plaintiff appealed from the judgment, and brought up in the judgment roll a judgment that had been entered in the records of the court. The respondents caused to be certified to this court a judgment that had been previously entered in the same cause, and claimed that this prior judgment was the only one that could be considered. It was held, however, that the statute clearly contemplates that there shall be but one judgment in a judgment roll, and that if two are found therein the last in point of time is the only one which can be considered as a part thereof. When, therefore, the defendants offered in evidence "the judgment roll" in the action of the San Bernardino National Bank against the plaintiff herein, as is stated in the statement on motion for a new trial, it must be assumed that the judgment roll so offered consisted of only the papers which are designated by the statute as constituting the judgment roll, and also that if there were any other papers bound up with that, they were not considered by the court as forming a part of said roll, and consequently could not impair its admissibility in evidence. Neither does the fact found by the court, that a judgment between the parties had been previously rendered in the same action, impair the effect of this judgment which forms a part of the judgment roll. If upon a direct appeal the fact that a prior judgment does not impair the efficiency of the judgment appealed from (*Paige* v. *Roeding*,

96 Cal. 388), much less can such prior judgment be invoked to impeach a subsequent judgment when the same is collaterally attacked. The court had jurisdiction of the parties to the action and of the subject-matter, and upon a collateral attack every presumption will be indulged in support of its judgment. If necessary, therefore, it will be assumed that the former judgment was vacated by consent of the parties, and that an order showing such consent and the vacating of the judgment appears in the minutes of the court. Any entry in the minutes vacating the judgment, whether by consent of the parties or upon an order of the court after a new trial had been granted, would form no part of the judgment roll, and it was not necessary to offer any evidence to show that the former judgment had been annulled. (*Carpentier* v. *Oakland,* 30 Cal. 439; *Drake* v. *Duvenick,* 45 Cal. 455; *Crim* v. *Kessing,* 89 Cal. 478; 23 Am. St. Rep. 491; *Caruthers* v. *Hensley,* 90 Cal. 560.) "Circumstances may have arisen wherein the trial court would have been justified under the law in setting aside the first findings and judgment, and in filing the second findings and judgment; and, with no showing to the contrary, we must assume that such circumstances did arise." (*Paige* v. *Roeding,* 96 Cal. 391.)

2. The sale under this judgment was made December 23, 1889, and the sheriff's deed issued to the purchaser June 24, 1890. On the 21st of November, 1890, the plaintiff herein appealed from the judgment of November 21, 1889, in favor of the San Bernardino National Bank, and now contends that by virtue of such appeal the judgment was not admissible in evidence. No such objection, however, was made at the trial, and, as it does not appear that the fact of an appeal from the judgment had been shown at the time when the judgment was offered in evidence, it was not embraced in the objection that the judgment roll was incompetent, irrelevant, and immaterial. The judgment was not offered as evidence of any issue in the case, or for the purpose of showing that the matters in controversy in this action had been determined in another action, but as a collateral fact in support of the execution, and for the purpose of showing that at the time the execution under which the sale was made a judgment had been rendered and was then in force. Section 681 of the Code of Civil Procedure provides

that an execution may be issued for the enforcement of a judgment at any time within five years after its entry, and section 942 provides that an appeal does not stay the execution of the judgment except upon giving the undertaking therein provided for. For the purpose of recovering possession of the property purchased at a sale under such execution, it is necessary to introduce in evidence the judgment as the basis of the execution, and if the enforcement of the judgment has not been stayed, the fact that an appeal therefrom has been taken does not prevent the judgment from being received in evidence and considered.

3. The objection that the deed from the San Bernardino National Bank (the purchaser at the execution sale) to the defendant Swartz does not show upon its face that the grantor was a corporation, does not deserve any consideration. If, in fact, the grantor was a corporation, the proper execution of the deed to the grantee would transfer all its title to the land therein described, and if it was not a corporation, any statement in the deed that it was would not make it such. This objection to the introduction of the deed was not taken at the trial, the only objection being that it was incompetent, irrelevant, and immaterial, and it is well settled that under this general objection a party cannot upon appeal urge an objection which is merely formal or special, and which, if it had been pointed out when the evidence was offered, might have been obviated. (*Crocker* v. *Carpenter*, 98 Cal. 418.) The court in finding 6 finds that the San Bernardino National Bank was a corporation, and the seal affixed to the deed was evidence that it was a corporate act. (*Burnett* v. *Lyford*, 93 Cal. 117.) If the plaintiff would claim as a fact that the grantor was not a corporation, it was incumbent upon it either to make the objection when the deed was offered in evidence, or to offer evidence to that effect. The recitals in the judgment roll and in the sheriff's deed, as well as the identity of the name of the grantee in the sheriff's deed with that of the grantor in the deed offered in evidence, together with the recital in such deed that the property was the same as that conveyed by the sheriff, giving its place of record, supports the finding that the grantor was a corporation.

4. The court did not err in receiving in evidence the map

of "Colton addition," which was produced from the county recorder's office. The plaintiff in its complaint described the land sued for as the north half of block No. 36, "as designated on a map of Colton addition, filed in the office of the recorder of said county on or about the twelfth day of October, 1887, at the request of P. A. Raynor." The property conveyed by the sheriff is described as the north half of block 36, Colton addition, a plat or map of which addition "is of record in the office of the county recorder of San Bernardino County, state of California"; and the map offered in evidence was shown to be a map of Colton addition, which appears in volume 6, page 10, Book of Maps, records of San Bernardino County, and purported to have been recorded on the twelfth day of October, 1887, at the request of P. A. Raynor. The objection that the map was not acknowledged so as to entitle it to record is without merit. A map is not an "instrument" which affects the title or possession of real property within the meaning of the recording act (*Hoag* v. *Howard*, 55 Cal. 564), nor is it an instrument which is to be "executed" by the party who prepares it (Code Civ. Proc., sec. 1933), or of which an execution can be acknowledged. There is no provision in the statute which requires a map or plat to be recorded in the county recorder's office, but section 123 of the County Government Act (Stats. 1883, p. 325) declares that the recorder "must keep all books, records, *maps*, and papers deposited in his office"; and a map thus deposited within the recorder's office is properly referred to in an instrument of conveyance as being "of record" therein, and may be received in evidence, even though it be not acknowledged. It is only requisite to offer evidence sufficient to connect the map referred to with the map produced, as in the case of a map produced from any other custody.

5. It was competent to show by oral testimony that the tract of land known as "Colton addition" is within the limits of the city of Colton. (*Heinlen* v. *Heilbron*, 97 Cal. 101.)

The judgment and order denying a new trial are affirmed.

Garoutte, J., and Paterson, J., concurred.