## In re WONG SING.

(District Court, N. D. California. October 21, 1897.)

### No. 11.361.

1. TRIAL—OBJECTIONS TO EVIDENCE.
   An objection that the proper foundation has not been laid for the introduction of evidence otherwise relevant and competent should point out the particular and specific ground on which such general objection rests, so as to apprise the court and the party offering the evidence of the precise ground of objection.

2. SAME—APPEAL AND ERROR.
   The technical objection that the proper foundation was not laid for impeaching evidence, consisting of inconsistent statements made by the witness on a former occasion, cannot prevail on appeal, when it is apparent that the witness fully understood the particular occasion on which his former statements were made, and it is not claimed that he did not have full opportunity to explain the alleged discrepancies.

3. SAME—EXCLUSION OF CHINESE—EXAMINATION BY CUSTOMS OFFICERS.
   The customs officers have the right to question Chinese laborers seeking to land in this country to ascertain whether they are entitled to do so; and such an examination, if properly conducted, does not violate their rights, though they may, in fact, have been born in the United States. Therefore evidence of statements made during such examination, if in conflict with subsequent testimony of the same persons, may be received for the purpose of impeachment.

This was a petition for a writ of habeas corpus by Wong Sing, a Chinese person. The cause was heard upon exceptions to the report of a special referee.

Wal. J. Tuska, for petitioner.
H. S. Foote, for the United States.

DE HAVEN, District Judge. Upon consideration of the evidence returned to this court by the special referee, I concur in the conclusion reached by him that there is such a conflict between the testimony given by the petitioner and his witnesses in this proceeding, and the statements made by the same witnesses when questioned by the officers of the custom house at the time of petitioner's arrival at this port, that such testimony is not sufficient to justify a finding that the petitioner is, as claimed by him, a native-born citizen of the United States. Nor do I think the special referee committed any error in overruling the several objections made by petitioner's attorney to the questions relating to such statements asked by the district attorney upon the cross-examination of the several witnesses who

testified in behalf of the petitioner, nor in overruling objections made to the questions asked the witness Gardner for the purpose of impeachment. It may be that the district attorney did not strictly comply with the requirement of the law in laying the foundation for such impeaching evidence, but the general objection that such evidence was incompetent, irrelevant, and immaterial, and that no foundation had been laid for its introduction, was not sufficiently specific. An objection that the proper foundation has not been laid for the introduction of evidence otherwise relevant and competent should point out the particular and specific grounds upon which such general objection rests, so as to apprise the court and the party offering the evidence of the precise ground of objection to it. Crocker v. Carpenter, 98 Cal. 418, 33 Pac. 271. But, were the rule otherwise, such technical objection could not prevail here, when it is apparent that the witnesses fully understood the particular occasion upon which their former statements were made, and it is not claimed that they did not have full opportunity to explain the alleged discrepancy between such statements and their testimony given upon the hearing. The customs officers have the right to question Chinese laborers seeking to land at a port of the United States for the purpose of ascertaining whether they are entitled so to do; and such an examination, if properly conducted, does not violate any rights of such persons, although they may, in fact, have been born in the United States; and evidence of statements made during such an examination, if in conflict with subsequent testimony of the same person, may be received for the purpose of impeaching such subsequent testimony. Of course, the court should, before rejecting the testimony of a witness upon the ground of contradictory statements made by him to the customs officers upon such examination, be satisfied that the witness fully understood the questions asked him by such officers, and that his answers thereto, as appearing in such statement, were correctly interpreted. There is nothing in this record tending to impeach the fairness of the examination conducted by the customs officers, nor any suggestion that the official interpreter did not correctly state the substance of the answers given by the petitioner and his witnesses upon the occasion of such examination. The exceptions to the report of the special referee are overruled, and the writ is discharged, and the petitioner remanded to the custody whence he was taken, for the purpose of deporting him out of the United States, and transporting him to the port whence he came.