[Civ. No. 1707.    Second Appellate District.—February 25, 1916.]

## D. F. HULBERT, Respondent, v. ALL NIGHT AND DAY BANK (a Corporation) et al., Appellants.

CONTRACT—AGREEMENT TO FORM PARTNERSHIP—DEPOSIT OF MONEY BY ONE PARTY IN BANK—FAILURE TO FORM PARTNERSHIP—RIGHT TO RECOVER DEPOSIT.—Where two parties agree to form a partnership for conducting a certain business under a firm name, and it being agreed that each should deposit with a certain bank to the credit of the firm a certain sum, and in pursuance of the agreement one of the parties deposited his amount, but the other party failed to make any deposit, and the partnership was never consummated, and after three years nothing was done toward that end, the depositor of the money is entitled to recover from the bank the money so deposited by him, and while the other party technically should be made a party to the suit, section 4½ of article VI of the constitution should be applied, and the suit should not be defeated because he is not.

ID.—DEPOSIT IN BANK—RIGHT OF OWNER TO SHOW TITLE.—While it is true that a bank receiving a deposit of money may not, in the absence of proper legal proceedings to impound it, dispute the depositor's ownership thereof, or refuse to honor his checks drawn thereon, nevertheless the real and true owner thereof may show his right to the funds.

ID.—JUDGMENT—VALIDITY OF.—Where, prior to the making of findings, a judgment was entered in favor of the plaintiff, but thereafter findings were made, and a second judgment regularly entered, the second judgment is the only one that can be considered, and the first will be assumed to have been vacated.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Benjamin E. Page, Arthur C. Hurt, and Arthur F. Coe, for Appellants.

Fred W. Heatherly, for Respondent.

SHAW, J.—Some time prior to October 29, 1909, plaintiff and one Frank J. Rogers agreed that they would enter into a copartnership for conducting a business under the firm name "Pacific Buying Company"; it being further agreed that plaintiff should deposit with the defendant All Night and Day Bank, to the credit of the Pacific Buying Company, the sum of one thousand dollars, and that Rogers should deposit the sum of one thousand five hundred dollars to the same account, and plaintiff the further sum of five hundred dollars. In pursuance of this agreement so made with Rogers, plaintiff, on October 29, 1909, deposited one thousand dollars in the All Night and Day Bank to the credit of the Pacific Buying Company, subject to checks thereon signed "Pacific Buying Company, by D. F. Hulbert, by Frank J. Rogers." Rogers never at any time deposited any sum to the credit of said account and the copartnership was never consummated. Some three years later, nothing having been done by Rogers toward carrying out the agreement, and he having, as appears from the record, long before disappeared, plaintiff made demand upon defendant Hellman Commercial Trust and Savings Bank, which had meanwhile assumed all liabilities of the All Night and Day Bank, for repayment of the sum so deposited by him in the name of Pacific Buying Company, the checks against which account were, under the terms of the deposit so made, to be signed, as before stated, by both Rogers and himself. The bank refused to pay the same; whereupon this action was instituted for the recovery thereof. Judgment was rendered for plaintiff, from which, and a denial of its motion for a new trial, defendant appeals.

It conclusively appears from the evidence that the money so deposited to the account of Pacific Buying Company was that of plaintiff; that Rogers contributed nothing whatsoever to it and had no interest therein; that the executory agreement to form a copartnership was never carried out; and no checks were ever drawn upon said fund signed "Pacific Buying Company, by D. F. Hulbert, by Frank J. Rogers." Rogers, as

stated, had absconded, his whereabouts being unknown to plaintiff. His disappearance and his failure for more than three years to comply with his part of the executory agreement should be deemed a repudiation on his part of the agreement to form a partnership. Defendant makes no claim to the money on deposit, and even though its contention that Rogers should have been made a party litigant be technically correct, nevertheless, under the circumstances, the case is one to which the provisions of section 4½ of article VI of the constitution should be applied. While it is true that a bank receiving a deposit of money may not, in the absence of proper legal proceedings to impound it, dispute a depositor's ownership thereof or refuse to honor his checks drawn thereon, nevertheless the real and true owner thereof may show his right to the fund. (*Hemphill* v. *Yerkes*, 132 Pa. St. 545, [19 Am. St. Rep. 607, 19 Atl. 342]; *Patterson* v. *Marine Nat. Bank*, 130 Pa. St. 419, [17 Am. St. Rep. 779, 18 Atl. 632].) The evidence establishing such right should be clear and unequivocal (*Nolting* v. *National Bank*, 99 Va. 54, [37 S. E. 804], and in this case it, without contradiction, conclusively shows that plaintiff deposited the entire sum of one thousand dollars in the fictitious name of Pacific Buying Company, which was the name agreed upon in contemplation of the formation of a copartnership.

It appears that prior to the making of findings a judgment was entered in favor of plaintiff; that thereafter findings were made by the court, regularly followed by the entry of another judgment. This fact is also assigned as error. In *Colton L. & W. Co.* v. *Swartz,* 99 Cal. 278, [33 Pac. 878], it is said: "There can be but one judgment in a judgment-roll, . . . if two are found therein the last in point of time is the only one which can be considered as a part thereof. . . . If necessary, therefore, it will be assumed that the former judgment was vacated."

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.