[No. 2,570.]

## THOMAS GARDINER *v.* LOUIS SCHMAELZLE.

OBJECTION TO EVIDENCE.—An objection made to a power of attorney offered in evidence, that it is irrelevant and incompetent, does not enable the objector to raise the question, that the power only authorizes the sale of "lots unsold," and that there is no evidence that the lot in controversy is unsold.

POWER OF ATTORNEY AS EVIDENCE.—A power of attorney to sell "lots unsold" is admissible in evidence without first making proof that the lot in controversy was unsold when the power was given.

MOTION FOR NONSUIT.—A motion for a nonsuit must distinctly point out the grounds on which it is asked, and it is not error to refuse it, even if there is ground for it, and it is not asked on such ground.

IDEM.—If a nonsuit is asked for defect of proof on some point, the Court will permit the plaintiff to supply the defect if he can do so.

LIMITATION OF ACTIONS.—The Statute of Limitations of this State, in respect to an imperfect Mexican grant of land, does not commence running until the patent is issued by the United States to the confirmee.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment for the lot in the city of Sacramento-described in the opinion.

The plaintiff claimed title under John A. Sutter, to whom the demanded premises and other lands were granted by the Mexican Government in 1841. The grant to Sutter was confirmed by the United States in June, 1865, a patent was issued on the 20th day of June, 1866. This action was commenced in June, 1869. The defendant set up the Statute of Limitations in his answer. The plaintiff, on the trial, deraigned title from Sutter, through the power of attorney mentioned in the opinion.

The plaintiff, in making out his case, did not prove that the lot was unsold. The defendant moved for a nonsuit, but did not assign the fact, that the plaintiff had failed to make such proof as one of the reasons. The Court denied the motion. The defendant relied on the Statute of Limitations. He purchased the lot from one Cawood in 1854, and entered into possession, but supposed until the confirmation of Sutter's grant, that it was Government land, and did not claim adversely to the United States.

The plaintiff recovered judgment, and the defendant appealed.

*John Heard,* for Appellant.

The power of attorney from Sutter to Peachy authorizing Peachy to sell the then unsold lots of Sutter could not be received in evidence unless it were supported by affirmative testimony that the premises were then unsold. ( *Taylor* v. *Taylor,* 3 A. K. Marshall, 19. But if the plaintiff had shown a perfect paper title, still the defendant was entitled to judgment, as he showed a clear title by possession and limitation.

*Beatty & Denson,* for Respondent.

A power, in general terms, to sell real estate and make deeds, is just as good a power as one which specifically describes the property to be sold. (See *Sullivan* v. *Davis & Gray,* 4 Cal. 291; *Hunter* v. *Watson,* 12 Cal. 377.) Now if

Sutter had authorized Peachy to sell all lots between N and O streets, it would never have been objected that this power was insufficient. Yet to sell all unsold lots is precisely the same thing, for he could not lawfully authorize him to sell those which he himself had previously sold.

The plaintiff was not entitled to protection under the Statute of Limitations, because his possession was not adverse and in good faith. A possession to be adverse, so as to put the Statute of Limitations in motion, must not be a possession merely adverse to certain parties, but it must be adverse to all the world. The title of the land was in the United States Government up to June, 1865, which was less than five years before the bringing of this action. The Government is incapable of being disseized, and therefore the statute never commenced to run whilst the fee of the land was in the Government. (See Angell on Limitations, Sec. 37; *Fremont* v. *Seals*, 18 Cal. 433.)

By the Court, Wallace, C. J.:

When the record of the letter of attorney from Sutter to Peachy was offered in evidence, authorizing, or purporting to authorize, the latter to make sale of the lot unsold in the squares lying between N and O streets, no specific objection was made that the plaintiff had not shown that the lot No. 4, in controversy, and which lies in one of the squares between those streets was unsold ; even if that objection had been taken in form, it would not have availed the defendant at that stage of the proceedings, inasmuch as in any view the letter of attorney was admissible, without such proof being first made. The objection as made—that the letter of attorney was "irrelevant and incompetent"— would not sufficiently present the point. Nor was this objection presented on the motion for a nonsuit. Had it been relied upon even then, and properly pointed out, the plaintiff would have been afforded an opportunity to supply the necessary proof upon the point at the trial.

2. The statute of limitations relied upon, even had the possession of the defendant been adverse in its character,

will not avail the defendant (*Gardiner* v. *Miller,. ante,* 570); and there is nothing in the other points.

Judgment and order affirmed.

Neither Mr. Justice RHODES, nor Mr. Justice NILES, expressed an opinion.