[No. 8,357.  Department One.—September 26, 1884.]

## JAMES H. McKAY, RESPONDENT, v. E. RILEY ET AL., APPELLANTS.

CONTRACT OF SALE—BREACH BY VENDOR—MEASURE OF DAMAGES.—In an action for a failure to deliver goods under a contract of sale, where the goods have no market value, the plaintiff may recover as damages the difference between the price to be paid by him and an advanced price, for which he had agree to sell the goods to a third person on the faith of the contract.

ID.—EVIDENCE—STATUTE OF FRAUDS.—It appearing that the goods could have been sold to such third person at the price agreed on, the plaintiff was not required to prove a valid agreement with him under the statute of frauds.

PRACTICE—OBJECTION TO EVIDENCE.—An objection to evidence, which might have been removed if taken in the court below, cannot be taken for the first time on appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action for damages for breach of a contract of sale of goods. The defendant contracted to deliver to the plaintiff a certain amount of boiler tubes at a price agreed upon. The plaintiff, on the faith of this agreement, contracted with a third party to sell the goods to him at an advanced price. The defendant failed to deliver the goods in accordance with the terms of his contract. No other articles of a similar kind could be procured in the market. The other facts sufficiently appear in the opinion of the court.

C. E. Royce, for Respondent.

M. B. Harrison, for Appellants.

McKINSTRY, J.—1. There was evidence to sustain the findings as to the existence of a partnership between defendants.

2. There was evidence tending to prove that no considerable quantity of the pipe, the subject of the contract sued on herein, was in other hands than those of defendants. If the jury were satisfied there was no market value for the articles, they were justified in allowing plaintiff, as damages, the amount he lost by reason of his not being able to perform his agreement to deliver the pipe to third persons at an advanced price. Ordinarily, the rule of damages in actions like the present is the difference

between the price agreed to be paid and the market value, because the vendee can obtain the article contracted for at the market price. When, however, the circumstances are such that the vendee cannot thus supply himself, the rule does not apply, for the reason of it ceases. (*Bank* v. *Reese*, 2 Casey, 143.) In such case the true measure of damages is the actual loss sustained by the vendee, by reason of his not receiving an advance or profit through agreements which he himself has made in reliance upon the fulfillment of his vendor's contract. (*McHose* v. *Fulmer*, 73 Pa. 367.)

3. The record does not show any material variance between the allegations of the complaint and the testimony or findings.

4. Appellant contends that the judgment must be reversed because the plaintiff, having attempted to prove an agreement between himself and Williams, Dimond & Co., for the sale of the flues or pipe which defendants had agreed to sell to him, showed that the price to be paid by Williams, Dimond & Co. was more than two hundred dollars, but failed to show either that any part of the purchase price was paid to him, or that the agreement was evidenced by a memorandum in writing. But, even if it be conceded that the want of a writing can be objected to for the first time in this court, no objection was taken in the court below that plaintiff failed to prove that he received any portion of the price to be paid by Williams, Dimond & Co. It is well settled here that an objection to evidence cannot be made here for the first time which might have been removed by the opposite party had it been taken in the lower court. Besides, the evidence tended to prove that plaintiff could have sold to Williams, Dimond & Co., at an advanced price, just as evidence of a market price would have proved that plaintiff could have sold for the market price. It cannot be assumed, on the mere suggestion of defendants, that, if plaintiff had received the pipe from them, he would have failed to deliver it to his vendees, or that the latter would have refused to pay to plaintiff part or the whole of the price by them to be paid.

Judgment and order affirmed.

McKEE, J., and ROSS, J., concurred.