# DAVEY v. SOUTHERN PAC. CO.*

## No. 15,999; May 27, 1896.

### 45 Pac. 170.

**Railroads—Injuries to Licensee on Right of Way.**—A complaint for injuries sustained by falling into an excavation between the tracks of defendant's road alleged that the right of way was an easement in a public highway. On trial, plaintiff admitted that the fee of the right of way was in defendant. Without any amendment, and without objection from defendant for variance, the trial proceeded on the theory that plaintiff could recover as a licensee, and that the excavation was in a path in general use by the public, to the knowledge and acquiescence of the defendant. Held, reversible error to exclude evidence that the path had been used constantly by the public, without objection from defendant, on an objection that it was "immaterial, irrelevant, and incompetent," since the objection was insufficient to raise the point of variance.

APPEAL from Superior Court, City and County of San Francisco; Charles W. Slack, Judge.

Action by Rosalie Davey against the Southern Pacific Company. From a judgment of nonsuit plaintiff appeals. Reversed.

*For subsequent opinion in bank, see 116 Cal. 325, 48 Pac. 117.

Gordon & Young for appellant; Maxwell, Dorsey & Soto and Maxwell & McEnerney for respondent.

HENSHAW, J.—The action was for damages for personal injuries. At the conclusion of plaintiff's evidence defendant moved for and was granted a nonsuit. Plaintiff pleaded that defendant operated its railroad upon a public highway in Alameda county, known as "Stanford street." She averred that there was a culvert or drain crossing Stanford street, and extending under the tracks of defendant, which drain was securely and safely covered with planking and earth. Defendant opened this culvert, and left it "open and unprotected and in a dangerous condition for the whole length across said Stanford street, and under the track" of defendant. Upon the night of the accident, plaintiff "proceeded to cross said railroad track on said street," and was precipitated down through and between the rails of said track into the excavation. By this fall, and in this manner, she suffered the injuries complained of. It will be noticed that the complaint charges that the defendant corporation maintained its road upon a public highway. It clearly appears to have been the intent of the pleader to charge defendant with negligence in having laid open and left unguarded a drain or culvert upon a highway over which it had merely an easement in common with the general public. The complaint will bear no other construction. In such a case it is well settled that a railroad, having only an easement over a public street, possesses no rights therein superior to those of the public, saving such as the nature of its occupancy and use necessitate. A traveler upon that public highway may cross and recross the tracks of the railroad at his pleasure, and may expect to find that portion of the street covered by the roadbed of the railroad in a reasonably safe condition for public use and travel. Entirely different, however, is the rule and right of such a corporation operating its road over a right of way, upon land which it owns in fee. Here it not only enjoys all the incidents of private ownership; but from the well-known character of its use, and the necessity for swift and uninterrupted locomotion over its land, one who obtrudes upon the right of way is a trespasser, guilty of gross negligence, and the railroad generally owes him no duty further than to guard against his

wanton injury. But though plaintiff, in effect, pleaded that defendant's right of way was an easement over a public highway, upon the trial she abandoned this position. She admitted that the right of way is on land owned by defendant in fee, and undertook, without change or amendment of the complaint, to establish that for many years a footpath led to and crossed the track at the point of the accident, and that this footpath was openly, constantly and continuously used by the neighborhood without let or hindrance from defendant. It was claimed that the nature of the use shown would, inferentially, establish knowledge upon the part of defendant, and that plaintiff, in crossing the track upon this path and under these circumstances, was not a mere trespasser, but did so under acquiescence, and as a licensee of the defendant company. This evidence was all excluded under objection by defendant's attorney that it was "immaterial, irrelevant, and incompetent." The court, in ruling said: "If you can show the railroad company knew this, and made no objection to it, I will allow it." This evidence was clearly inadmissible under proper objection. It did not tend to establish any issue joined by the pleadings. There was a manifest variance between the complaint which charged a dangerous excavation made upon a public highway and evidence which sought to show an excavation made upon the private property of defendant along the line of a footpath over which plaintiff was licensed to pass. The difficulty which arises comes from the fact that no proper objection was made. The question of variance was never presented for consideration to the trial judge, or to opposing counsel, and is here made for the first time. The objection made in the trial court is insufficient to present the point: Dikeman v. Norrie, 36 Cal. 94; McKay v. Riley, 65 Cal. 623, 4 Pac. 667; Howland v. Railway Co., 110 Cal. 513, 42 Pac. 983. The case seems to have been tried upon the theory that the evidence was admissible under the pleadings, but that the plaintiff must establish knowledge by defendant of the use of its land for a footpath. But the evidence which the court refused to admit was directed to the proof by inference of the knowledge of defendant, as well as to the existence and use of the path. As in Hansen v. Southern Pac. Co., 105 Cal. 379, 38 Pac. 957, plaintiff sought to show a use which would carry with it the inference of knowledge, since, as to

its own property rights, defendant would be presumed to know what was generally known: Railroad Co. v. Troutman, 11 Week. Notes Cas. 453; Davis v. Railway Co., 58 Wis. 646, 46 Am. Rep. 667, 17 N. W. 406; Isabel v. Railroad Co., 60 Mo. 475; Griffiths v. Railway Co., 14 L. T., N. S., 797. The evidence, therefore, would have been admissible under a proper pleading. Whether it would have proved sufficient to establish a license in plaintiff, and knowledge and acquiescence in defendant, were matters which, under proper instructions, were for the jury to decide: Noyes v. Railroad Co., 92 Cal. 285, 28 Pac. 288; Hansen v. Southern Pac. Co., 105 Cal. 379, 38 Pac. 957; Troy v. Railroad Co., 99 N. C. 298, 6 Am. St. Rep. 521, 6 S. E. 77; Barry v. Railroad Co., 92 N. Y. 289, 44 Am. Rep. 377; Byrne v. Railroad Co., 104 N. Y. 362, 58 Am. Rep. 512, 10 N. E. 539; Townley v. Railroad Co., 53 Wis. 626, 11 N. W. 55; Taylor v. Canal Co., 113 Pa. 162, 57 Am. Rep. 446, 8 Atl. 43; Davis v. Railway Co., 58 Wis. 646, 46 Am. Rep. 667, 17 N. W. 406.

The motion for a nonsuit was made upon the ground that the evidence showed that plaintiff was a trespasser, to whom defendant owed no duty. Such, indeed, was the showing of the evidence, since all that plaintiff offered to establish that she was at the place of injury under permission was rejected. While, therefore, the nonsuit was properly granted under the admitted evidence, for the error in rejecting plaintiff's offered evidence the judgment is reversed and the cause remanded.

We concur: McFarland, J.; Temple, J.