[L. A. No. 2268.   Department Two.—August 17, 1909.]

SAN PEDRO LUMBER COMPANY (a Corporation), Respondent, v. H. M. E. SCHROETER et al., Appellants; FRANK X. PFAFFINGER et al., Defendants.

MECHANICS' LIENS—STATEMENT OF TIME OF PAYMENT IN CLAIM—VARIANCE.—There is no material variance between a statement in the claim of lien of a materialman that the contractor agreed to pay for the same at the current market or list prices at a certain place on demand, and his evidence, which, taken as a whole, indicated that the materials were to be paid for on demand after delivery, but that it was his practice not to make such demand until after the completion of the building.

ID.—MOTION FOR NONSUIT—REOPENING CASE TO EXPLAIN VARIANCE.—When a motion for a nonsuit is made at the close of the plaintiff's testimony, on the ground of variance, it is within the discretion of the court to permit the plaintiff to reopen his case and offer further testimony in exposition of the matter.

ID.—PAYMENT TO CONTRACTOR—CHECK INDORSED TO MATERIALMAN—APPLICATION OF PAYMENT.—Where an owner for whom a contractor is constructing two separate buildings gives the latter a check on account of the balance due him on both buildings, without any directions for the application of its payment, and the latter transfers the check to a materialman to whom he was indebted for materials furnished to both buildings, the materialman may apply it to the payment of the indebtedness due him from the contractor on account of either of the buildings.

ID.—EVIDENCE TO EXPLAIN RECEIPT IN FULL.—Parol evidence is admissible to show that a receipt, purporting to be in full of all demands,

was not intended to include a particular demand concerning which
the party giving the receipt knew nothing at the time it was given.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellants.

Long & Baker, for Respondent.

HENSHAW, J.—This was an action brought to foreclose
a materialman's lien. Judgment passed for the plaintiff and
from that judgment and from the order denying defendants'
motion for a new trial they appeal. The appellants, H. M.
E. Schroeter and his wife, are the owners, and George Beard
was the contractor. The contract between the owners and
the contractor was admittedly void. The material in question
was lumber purchased by the contractor from the plaintiff.

The first proposition advanced upon appeal is that there is
a fatal variance between the terms of the contract as expressed
in the recorded claim of lien and the evidence adduced at
the trial. The claim of lien declares that "the said George
Beard agreed to pay for the same at the current market or
list prices for such lumber in the Long Beach market on
demand." Goodhue, plaintiff's manager, testified at one place
that there was an express contract between the plaintiff and
Beard that the lumber was to be purchased and was to be
paid for when the building was completed. Elsewhere, he
explains his meaning as follows: "Now, as to the time of pay-
ment, it is customary for us to furnish a bill when the job
has been completed and make a demand for our payment.
. . . It is always customary for us and we expect our payment
when the building is completed. He (Beard) made no special
contract in writing nor was it put on record for the delivery
of the material. Nothing particular was said between us and
Mr. Beard with reference to the time of payment on this
particular job." Taking the evidence as a whole, its natural
interpretation is that the lumber was to be paid for on demand
after delivery, but that it was the practice of the firm not

to make such demand until after the completion of the building. So understood, there is no variance at all, or, if the most astute mind can detect a variance, it is one of trifling import which could in no way have prejudiced the appellants. (*McGinty* v. *Morgan*, 122 Cal. 103, [54 Pac. 392]; *Macomber* v. *Bigelow*, 126 Cal. 9, [58 Pac. 312]; *Castagnetto* v. *Coppertown Min. etc. Co.*, 146 Cal. 329, [80 Pac. 74].)

At the conclusion of the taking of plaintiff's testimony, .defendants moved for a nonsuit upon the ground of the variance above considered. The court permitted plaintiff to reopen the case and take further testimony from Goodhue in exposition of the matter. Its ruling in this regard was not error, but was made within the exercise of its well recognized discretionary power. (*Gardner* v. *Schmaelzle*, 47 Cal. 588; *Abbey Homestead Assoc.* v. *Willard*, 48 Cal. 614; *Clavey* v. *Lord*, 87 Cal. 413, [25 Pac. 493]; *Tuller* v. *Arnold*, 98 Cal. 522, [33 Pac. 445].)

That there was due to plaintiff for lumber furnished upon the particular building involved in this litigation, known as the "Ramona flats" the sum of $874.89 is not questioned. Appellants insist, however, that they gave to their contractor, Beard, a check for $262.89, which should have been credited by the plaintiff upon this account, and in support of their position they urge the concurring opinion of McKee, J., in *Goss* v. *Strellitz*, 54 Cal. 640. As to this opinion, it is to be noted that it was the especial concurring opinion of a single justice, and that the judgment of the court was in no way based upon it. Moreover, the facts in the case at bar render inapplicable the principle sought to be invoked. Here, Beard, at the instance of the appellants, was constructing for them two buildings, the "Ramona flats" being one, the "Cynthia annex" the other. For both of these buildings he was purchasing lumber from the plaintiff. He became financially involved and made an assignment of his assets to plaintiff. At the time he became involved he owed plaintiff for lumber purchased on account of both of the Schroeter buildings. Mr. Schroeter, in settling his affairs with Beard, gave him a check for $262.89, writing upon it "balance of Ramona etc." This check was in no sense a payment on account of the lumber for either building. It was merely a personal settlement between Schroeter and Beard of their affairs, and cov-

ered moneys due Beard, not only on account of the Ramona building, but upon account of the Cynthia annex as well. There is no evidence that Schroeter gave any direction at all as to how the moneys upon this check were to be applied by Beard. There was no privity whatsoever between Schroeter and the San Pedro Lumber Company, nor, so far as appears, any power in Schroeter to have directed the disposition by Beard of the money paid the latter. There is no evidence even to show, therefore, that Schroeter expected that the check would be given to the San Pedro Lumber Company at all. But in fact, because of the assignment made by Beard to the lumber company, the check was indorsed by Beard to the lumber company, which received it and receipted for it on account of the lumber bill of the Cynthia annex. Thus it appears that the Schroeters received full credit of the payment in the one case, and here arbitrarily seek to have the credit transferred to another account. The mere statement of the facts establishes the untenability of the position.

An employee of the plaintiff became the assignee for the benefit of the plaintiff of the assets of the insolvent contractor, Beard. When Beard made over the Schroeter check to this employee, the latter gave to him the following receipt: "Received of H. M. E. Schroeter $262.89 in full of all demands to date. San Pedro Lumber Company, per F. Assignee." Over the objection of appellants, Finch, the assignee and employee of plaintiff, was allowed to explain that Beard's assets showed that there was due to him from Schroeter this amount of money, and that when Beard turned over Schroeter's check he gave a receipt as assignee, meaning to declare that Schroeter had paid in full to the assignee Beard's claim, and that in no way did he mean the receipt to be an exoneration of Schroeter for the claim which the plaintiff had against him on account of the lumber, of which latter he knew nothing, and with which he had nothing whatever to do. Parol evidence was admissible for this purpose. (*Hawley* v. *Bader,* 15 Cal. 44; *Comptoir d'Escompte* v. *Dresbach,* 78 Cal. 15, [20 Pac. 28]; *Snodgrass* v. *Parks,* 79 Cal. 55, [21 Pac. 429].)

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.