[Civ. No. 4199. Second Appellate District, Division Two.—January 11, 1924.]

# L. V. ROOT et al., Respondents, v. C. B. CONLIN et al., Appellants.

[1] QUIETING TITLE—RIGHT TO POSSESSION—PLEADING.—In an action to quiet title to a group of mining claims and to enjoin defendants from removing certain improvements, fixtures, and machinery therefrom, an averment, "That the plaintiffs are now the owners of, and for a long time prior to the commencement of this action have been owners of and entitled to the possession of" the property in suit, is equivalent to an allegation that plaintiffs were entitled to possession when the suit was begun.

[2] ID.—EVIDENCE—SUFFICIENCY OF OBJECTIONS.—Objections to the admissibility of evidence, in order to have weight and to merit attention, must be specific; and a general objection is sufficient only where the evidence objected to is absolutely inadmissible for any purpose.

[3] ID.—SHERIFF'S DEED—PRELIMINARY FOUNDATION.—Judgment and execution are not merely preliminary, as technical items of foundation, to the sheriff's deed as the final and real evidence of transfer of title.

[4] ID.—WAIVER OF PRELIMINARY EVIDENCE.—In an action to quiet title to a group of mining claims, where the specific ground of objection by defendants to the admission in evidence of a sheriff's deed is that it purports to convey the interest of a corporation to a certain mining claim and there is no showing that such corporation had any title, the defendants waive the production of evidence of the judgment and execution as the basis for the sale pursuant to which the sheriff's deed was executed.

[5] ID. — SPECIFIC OBJECTIONS — WAIVER. — Where specific objections are made to offered evidence, all objections not made are waived.

[6] ID. — WAIVER OF PRELIMINARY EVIDENCE — NONSUIT. — Upon the offer in evidence of the sheriff's deed, defendants having waived the production of evidence of the judgment and execution as the basis for the sale pursuant to which the sheriff's deed was executed, their motion for a nonsuit upon the ground that the offer of the sheriff's deed had not been preceded by proof of judgment and execution was properly denied.

[7] ID.—INTEREST OF JUDGMENT DEBTOR—EVIDENCE.—In this action to quiet title to certain mining claims, defendants' objection to the admission in evidence of a certain sheriff's deed, on the ground that it purported to convey the interest of a corporation to a certain mining claim and there was no showing that such

65 Cal. App.—16

corporation had any title, was properly denied where there was evidence to show that the corporation referred to in the deed had an interest in the claims prior to the execution of the instrument.

APPEAL from a judgment of the Superior Court of San Bernardino County. Rex B. Goodcell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Z. B. Stuart and J. W. Hocker for Appellants.

Kaye & Siemon for Respondents.

WORKS, J.—This is an action to quiet title to a group of mining claims and to enjoin defendants from removing certain improvements, fixtures, and machinery therefrom. Decree went for plaintiffs and two of the defendants appeal.

[1] The first point made by appellants is that the complaint is insufficient in that it contains no allegation that respondents were entitled to the possession of the claims at the time of the commencement of the action. There is an averment in the pleading, "That the plaintiffs are now the owners of, and for a long time prior to the commencement of this action have been owners of and entitled to the possession of" the property in suit. This allegation is equivalent to an allegation that plaintiffs were entitled to possession when the suit was begun, as the right to the possession of property follows as a matter of law from the ownership of it (*Jones* v. *Peck,* 63 Cal. App. 397 [218 Pac. 1030]).

The controlling point on the appeal is that next presented by appellants. The trial court admitted in evidence a sheriff's deed purporting to convey to one of respondents the mining claims in question in the suit, although there was no offer of any judgment or execution as a basis for the sale pursuant to which the deed was executed. The deed contained the usual recitals as to judgment and execution. The contention of appellants is that the court erred in admitting the deed without proof of judgment and execution. Respondents make reply that the point thus made cannot now advantage appellants, for the reason that it was not presented by objection to the deed at the time it was offered in evidence. The only objection was: "We object to the introduction of the deed; it purports to convey

the interest of a corporation in a certain mining claim; until they go back and show that interest it does not convey any title at all; they cannot build up a title on a sheriff's deed, except on a showing that the party whose interest purports to have been sold had some title.'' There is no doubt that the point which appellants now make would have been good if it had been urged as an objection to the admissibility of the deed, and that respondents, upon such an objection being pressed, would have been driven to offer a judgment and execution for the purpose of showing the authority of the sheriff to sell and convey. The cases upon this particular point are numerous. The question now to be considered, however, is whether the point made by appellants was waived by the failure to include it in the objection to the admission of the deed in evidence.

[2] It has long been the rule in this state, as well as elsewhere, that objections to the admissibility of evidence, in order to have weight and to merit attention, must be specific. It was said in *Brumley* v. *Flint*, 87 Cal. 471 [25 Pac. 683] : ''The general rule is, that 'a party objecting to the admission of evidence must specify the ground of his objection when the evidence is offered, and will be considered as having waived all objections not so specified.' (*People* v. *Manning*, 48 Cal. 338.) It is true that a general objection is sufficient, if the evidence objected to is absolutely inadmissible for any purpose. (*Nightingale* v. *Scannell*, 18 Cal. 315.) But otherwise, to entitle the objection to notice, 'the party should have laid his finger on the point at the time.' (*Martin* v. *Travers*, 12 Cal. 243; *Cochran* v. *O'Keefe*, 34 Cal. 558.)'' Stress has been laid upon this point in a great number of other cases, many of which will be found cited below in support of cognate or attendant propositions of law.

The mere statement of the rule just enunciated would seem to settle the question now before us. The point, however, is not to be solved so easily. It has been said in many cases that the rule that objections are waived which are not specifically made can be applied only to objections relating strictly to the *admissibility* of evidence and can have no reference to its evidentiary value after its admission. In other words, it has been said that the absence of a given foundation for admitted evidence will not be waived if the

missing foundation affects the evidentiary value of that which is admitted. Among the cases closely touching this rule are *Hulic* v. *Scovil,* 4 Gilm. (Ill.) 159; *Lowe* v. *Bliss,* 24 Ill. 168 [76 Am. Dec. 742]; *Bartlett* v. *O'Donohue,* 72 Mo. 563; *Pettis County* v. *Gibson,* 73 Mo. 502; *State* v. *Kaufman,* 45 Mo. App. 656. Without attempting to dissect these cases we shall now take up the labor of determining whether the general rule announced by them has an application to the specific question confronting us here. Before we begin that work it is to be noted, to come nearer home, that the rule mentioned is announced in *Roberts* v. *Chan Tin Pen,* 23 Cal. 259, and has received a passing notice in *Palmer* v. *Guaranty T. & S. Bank,* 45 Cal. App. 572 [188 Pac. 302].

It will conduce to a settlement of the question now presented if we pay some attention to the relationship under the law between a judgment and an execution, on the one hand, and the sheriff's deed which follows them in a given instance, on the other. **[3]** Under the California cases it is conclusively established that judgment and execution are not merely preliminary, as technical items of foundation, to the sheriff's deed as the final and real evidence of transfer of title. "The claim of title by the defendant, by virtue of a Sheriff's deed, is insufficient, without showing the judgment which authorized the sale. By the most accepted authorities, the judgment is a muniment of title, and for sound reasons it is the safest rule" (*Sullivan* v. *Davis,* 4 Cal. 291). "The rule undoubtedly is, that when one seeks to obtain or hold possession of real property under a sheriff's deed, he must prove the judgment and execution under which the sheriff acted in making the sale. . . . The title of the purchaser in such a case rests upon the judgment, execution, sale, and deed" (*Peterson* v. *Weissbein,* 75 Cal. 174 [16 Pac. 769]). Among the many other cases touching this question more or less directly are *Hibberd* v. *Smith,* 1 Cal. Unrep. 554; *Kelley* v. *Desmond,* 63 Cal. 517. While, however, judgment and execution are muniments of title, they are not so in the sense in which the sheriff's deed itself occupies a place in that classification. Judgment and execution are muniments of title of the same class with powers of attorney in those instances in which a deed in a chain of title is executed by an attorney in fact for his principal. The sheriff's deed *conveys* the title, while the judgment and

execution constitute the sheriff's authority to convey. "The judgment and execution go to the Sheriff's power to sell, and to his power to recite a sale, and to his power to give a deed also . . . " (*Hihn* v. *Peck*, 30 Cal. 280). "The sheriff in making the sale acts under a naked statutory power, dependent for its existence upon the existence of the judgment which he is attempting to execute, and if there is no judgment in support of the writ of execution, under which he makes the sale, the power to make the sale is wanting. . . . 'The sheriff, in making sale of property under process of the court, acts under a power, and if the power does not exist, no title passes, even to an innocent purchaser. . . .' " (*Bullard* v. *McArdle*, 98 Cal. 355 [35 Am. St. Rep. 176, 33 Pac. 193]). It is apparent from these quotations that it is not going afield to assert that in legal effect the judgment and execution together may be likened to a power of attorney authorizing the sheriff to make a sale and to execute a conveyance. With this idea in mind, then, and reverting to one of the rules of law above stated, it is difficult to perceive in the present instance why, if the sheriff's deed was admissible because of the failure specifically to object that no showing of judgment and execution preceded the offer of the instrument, it did not possess full evidentiary value. The deed was in form perfect. Within itself it was an impeccable transfer of title. We do not see, even under the rule which apparently stands to some extent in the way of an easy solution of the question before us, why proof of the sheriff's authority could not be waived, nor why under all the circumstances of the present case it was not actually waived. A comparison of the facts here present with those of the cases announcing what we have called the interfering rule will demonstrate that it is different from them.

[4] A consideration of several lines of argument will enable us finally to assert with confidence that appellants waived the production of evidence of judgment and execution. We pursue further the idea that judgment and execution are in effect a power of attorney authorizing a sheriff to convey. In a certain case a deed, executed jointly, under an order of court, by an assignee in bankruptcy and a trustee under a deed of trust, was received in evidence in the trial court without proof of the order. The higher

court said, on appeal: "The objection to the deed was that it was 'incompetent, irrelevant and immaterial, because it is not shown that the parties had any power to make the deed.' The deed recites that it was sold under an order of the court in bankruptcy and under the provisions of the deed of trust. It also recites that the sale was approved by the court. There was no objection on the ground that the orders of the court were not shown in evidence. We hold that the objection was properly overruled." (*Stone v. Kansas City & W. B. Ry. Co.,* 261 Mo. 61 [169 S. W. 88]). Considering judgment and execution as equivalent to a power of attorney authorizing a sheriff to convey, we are furnished with an analogy even closer than that provided by the case just cited, in the text of a standard commentary. The italics are in the original: "When the opponent *fails to object* to the admission of the document, this is, of course, on general principles . . . a waiver as to the need of any evidence authenticating its genuineness; and this waiver is commonly held to extend to the fact of *authority of an agent* purporting to sign the document for a principal, but not as to the *legal sufficiency* of the instrument for any purpose" (Wigmore on Evidence, sec. 2132). It is plain that in this last statement, that concerning "the legal sufficiency of the instrument," the learned author has in mind the sufficiency of the admitted instrument *within itself*. It is only upon such a view that force may be given to his language as a whole. The utterance clearly means that evidence of the authority of the agent is waived by a failure to object that the authority is not shown. The text of this commentator is supported by *McClung* v. *McPherson,* 47 Or. 73 [81 Pac. 567, 82 Pac. 13], and by several illuminating cases cited in the second opinion in that cause rendered.

If we still keep in mind the apparently just view that judgment and execution are analogous to a power of attorney to the sheriff to perform the actual function of making conveyance, we may cite in abundance decisions of the supreme court of this state which support the view that appellants waive the production of evidence of judgment and execution. (See *People* v. *Frank,* 28 Cal. 507; *Gardiner* v. *Schmaelzle,* 47 Cal. 588; *Crocker* v. *Carpenter,* 98 Cal. 418 [33 Pac. 271]; *Colton L. & W. Co.* v. *Swartz,* 99 Cal.

278 [33 Pac. 878]; *People* v. *Owens*, 123 Cal. 482 [56 Pac. 251]; *Bundy* v. *Sierra Lumber Co.*, 149 Cal. 772 [87 Pac. 622].) In making application of these cases to the present one it is to be observed that in each of them the objection made was merely general—that the offered evidence was incompetent, irrelevant and immaterial, or the like. In no one of them was a special objection of any nature interposed. Here the objection was of such a character as to furnish even a firmer ground for the application of the doctrine of waiver than is evident in those cases. The objection was that no title had been shown in the corporation whose property was sought to be conveyed by the sheriff's deed. This objection was not only specific, but it was of a nature similar to that other objection which appellants might have made but which they did not make, at least to the extent that the two would most naturally have gone hand in hand. The sheriff's deed recited the fact that judgment had been rendered against the corporation in an action in which certain named persons were parties. The court by which the judgment was rendered was named, the date of the judgment was given, and the fact that execution had issued upon the judgment was recited. The date upon which execution had issued was also set forth. With this information before them, appellants, in limiting their objection to the point that title in the corporation had not been shown, in effect said: "We have no objection on any other ground. We concede the authority of the sheriff to execute the deed." That this was the result of the objection made is apparent when we remember the ground upon which is rested the principle that one waives the production of evidence, preliminary to offered evidence, by a failure to object that the preliminary evidence has not been produced. It is said in several of the opinions in the cases last above cited that objections to offered evidence must be specific, to the end that missing links in the chain of evidence may be supplied and cases be tried on their merits. Other cases announcing this rule are *Owen* v. *Frink*, 24 Cal. 171; *Mayo* v. *Mazeaux*, 38 Cal. 442; *McKay* v. *Riley*, 65 Cal. 623 [4 Pac. 667]; *Eversdon* v. *Mayhew*, 85 Cal. 1 [21 Pac. 431]; *Howland* v. *Oakland C. St. Ry. Co.*, 110 Cal. 513 [42 Pac. 983]; *Starkweather* v. *Dawson*, 14 Cal. App. 666 [112 Pac. 736]. A perusal of the opinions in all these cases will convince that

such a waiver as we here have under consideration arises upon principles akin to those of estoppel. The present case furnishes an excellent example for the application of those principles. If objection had been made that proof of judgment and execution was lacking, that proof doubtless would have been produced. That it was not produced was doubtless owing to the form of the objection which was actually made. At any rate, appellants cannot be heard to say that their objection did not so result.

[5] In view of what is said in the preceding paragraph, and notwithstanding the manner in which we have closed it, we may appropriately cite authority for the proposition of law that where specific objections are made to offered evidence, all objections not made are waived (Jones on Evidence, sec. 894; *Triggs* v. *Jones,* 46 Minn. 277 [48 N. W. 1113]; *Bailey* v. *Chicago etc. Ry. Co.,* 3 S. D. 531 [54 N. W. 596]).

[6] Appellants made a motion for nonsuit at the trial upon the ground that the offer of the sheriff's deed had not been preceded by proof of judgment and execution and the motion was denied. It is claimed that this ruling was error, but it is our opinion, for the reasons already stated, that the point was made too late on motion for nonsuit. If the objection which was not made was waived by the form of the objection which was made, the waiver operated at once and it was not affected by the presentation of the point on motion for nonsuit. This conclusion seems obvious. It finds support, however, in *Birney* v. *Haim,* 2 Litt. (Ky.) 262; *Starkweather* v. *Dawson,* 14 Cal. App. 666 [112 Pac. 736]. It is to be observed, also, that the presentation of such a ground on motion for nonsuit does not necessarily allow a plaintiff the right to a reopening of his case in order to supply missing evidence, as a trial court may, in the exercise of a sound discretion, refuse to permit a case to be reopened on such a motion (see *San Pedro Lumber Co.* v. *Schroeter,* 156 Cal. 158 [103 Pac. 888]). We are prompted to this remark upon consideration of the rule, already stated, that the production of preliminary evidence is waived by a failure to object to its absence, for the reason that if objection were made, the evidence would naturally be forthcoming.

[7] It is insisted that the objection to the sheriff's deed actually made at the trial was good. We think it was not good. There was evidence to show that the corporation referred to in the deed had an interest in the claims prior to the execution of the instrument, and there are admissions to the same effect in appellants' briefs.

Other points are made by appellants, but they are all either concluded by our disposition of what we have characterized as the controlling question in the case, or they do not merit a separate consideration.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition by appellants to have the cause heard, in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1924.

All the Justices concurred except Lennon, J., who dissented.