Filed 8/25/20  Old United Casualty Co. v. Byrd CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| OLD UNITED CASUALTY COMPANY,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>TYRONE G. BYRD,<br><br>　　　　Defendant and Appellant. | B292850<br><br>(Los Angeles County<br>Super. Ct. No. NC059507) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Tyrone G. Byrd, self-represented litigant, for Defendant and Appellant.

Michaelis, Montanari & Johnson and James I. Michaelis for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Tyrone G. Byrd appeals from a judgment following remittitur from this court, contending that the trial court lacked jurisdiction to enter a judgment against him and plaintiff was unable to maintain the lawsuit in California. Defendant also raises other arguments that are unsupported by citation to the record or legal authority. We affirm.

# II. BACKGROUND

A.    *Procedural Background*

The relevant underlying procedure and facts, as described more fully in our unpublished prior opinion (*Old United Casualty Company v. Byrd* (Feb. 27, 2018, B266484) [nonpub. opn.]), are as follows:

Plaintiff Old United Casualty Company, doing business as Vantage Casualty Company, issued two marine insurance policies to defendant for two separate vessels and a trailer.

On May 12, 2014, plaintiff filed a complaint against defendant alleging causes of action for: rescission of one of the insurance contracts, implied covenant breach, breach of contract, misrepresentation and fraud, and declaratory relief. Plaintiff claimed that defendant had filed a false claim for theft of a vessel and trailer that had been lawfully repossessed by a bank that held a mortgage on them. Plaintiff further contended that defendant had failed to cooperate with its investigation of the theft claim.

On March 24, 2015, plaintiff filed its first amended complaint, alleging the same five causes of action as its original complaint. The amended complaint also sought rescission of a second insurance policy and alleged defendant had failed to cooperate with the investigation of a water damage claim he had submitted for a second vessel.

On May 5, 2015, plaintiff filed a motion for summary adjudication as to its first cause of action for rescission and defendant's cross-complaint.

On May 14, 2015, defendant filed a motion for an order compelling arbitration.

On July 21, 2015, the trial court held a hearing on a number of pending motions, including plaintiff's motion for summary adjudication and defendant's motion to compel arbitration. The court granted summary adjudication on plaintiff's first cause of action, rescission, and denied defendant's motion to compel arbitration.

On July 29, 2015, plaintiff filed a request to dismiss without prejudice its second through fifth causes of action in the first amended complaint. The clerk entered the dismissal the same date.

On August 20, 2015, the trial court issued a statement of reasons for its summary adjudication determination.

On August 20, 2015, defendant filed a notice of appeal from the order denying his motion to compel arbitration.

Although not discussed in our prior opinion, on August 21, 2015, the trial court filed a document that had been prepared by defendant, entitled "Judgment of Dismissal" (August 21, 2015, order).

3

On September 9, 2015, the trial court filed a document entitled "Judgment of Rescission and Dismissal," which we referred to as "the judgment" in our prior opinion. On September 17, 2015, the court filed a notice of entry of judgment. Defendant filed a notice of appeal from that judgment on September 18, 2015.

B.    *First Appeal*

In our prior opinion, we considered some "[p]reliminary [m]atters," including defendant's motion to strike plaintiff's respondent's brief on the grounds that plaintiff failed to file a fictitious business name statement under Business and Professions Code section 17918. (*Old United Casualty Company v. Byrd, supra,* B266484.) We denied the motion, noting that "[d]efendant did not raise this argument before the trial court and thus forfeited or waived it." (*Ibid.*)

We also concluded that the September 9, 2015, judgment was void because defendant had filed a notice of appeal on August 20, 2015, from the order denying his motion to compel arbitration: "Here, the defendant's filing of the August 20, 2015[,] notice of appeal divested the trial court of jurisdiction to consider any further proceedings on the merits. Indeed, if this court were to find the motion to compel arbitration should have been granted, then the dispute between the parties would not be resolved by litigation. Because the trial court lacked subject matter jurisdiction to enter judgment, the judgment is void as a matter of law. ([*Varian Medical Systems, Inc. v. Delfino* (2005)] 35 Cal.4th [180,] 198.)" (*Old United Casualty Company v. Byrd, supra,* B266484.)

4

Having concluded that the trial court was without jurisdiction to issue its order granting defendant's summary adjudication motion, we did not consider the merits of that ruling. We added, "[a]lthough we conclude that the trial court lacked subject matter jurisdiction to enter the judgment, this does not affect the trial court's rulings on the motions that were made prior to the filing of defendant's notice of appeal. The trial court is not required to conduct any further hearings on these motions." We then remanded to the court for further proceedings consistent with the opinion. (*Old United Casualty Company v. Byrd, supra,* B266484.) On April 30, 2018, we issued the remittitur.

C.    *Post-Appeal Proceedings*

On August 7, 2018, the trial court held a status conference on this matter. Defendant did not appear. Plaintiff's counsel was ordered to draft a proposed judgment. On August 15, 2018, plaintiff filed its proposed judgment.

On August 15, 2018, the trial court granted plaintiff's motion for summary adjudication on the rescission cause of action and entered judgment in favor of plaintiff and against defendant. The court also entered a judgment of dismissal as to defendant's cross-complaint. The court reimposed the prior order of sanctions in the amount of $2,846.72, with interest, and awarded plaintiff costs in the amount of $5,275.28, plus interest. On September 14, 2018, defendant timely filed a notice of appeal.[1]

---

[1]    Plaintiff moves to dismiss the appeal, arguing defendant failed to raise a claim of reversible error, articulate pertinent argument, and present authority on the points raised. An

# III. DISCUSSION

A.  *Jurisdiction to Enter August 15, 2018, Judgment*

Defendant contends that the trial court lacked jurisdiction to enter the August 15, 2018, judgment because on August 21, 2015, the trial court "**dismissed Plaintiff's** First Amended Complaint." (Emphasis original.) According to defendant, pursuant to Code of Civil Procedure section 473, subdivision (b), the court had only six months from August 21, 2015, to vacate its purported judgment of dismissal and thus lacked jurisdiction to grant plaintiff summary adjudication on the rescission cause of action.

We reject defendant's characterization of the August 21, 2015, order as a judgment dismissing the entirety of plaintiff's first amended complaint. The first sentence of that order states: "On July 21, 2015, the Court entered its order granting the motion of [plaintiff] for Summary Adjudication of Issues made under Code of Civil Procedure section 437c, thus rescinding the marine polices of insurance issued by [plaintiff] to [defendant]." Further, the court orders that "judgment be

---

appellant "must raise claims of reversible error or other defect [citation], and 'present argument and authority on each point made' [citations]. If he does not, he may, in the court's discretion, be deemed to have abandoned his appeal. [Citation.] In that event, it may order dismissal." (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) We decline to dismiss defendant's appeal on these grounds.

Plaintiff also moves for sanctions against defendant, contending that defendant's appeal was frivolous. We decline to impose sanctions.

6

entered in favor of [p]laintiff."  It also orders that "pursuant to the Court's ruling of July 7, 2015, [defendant] shall pay monetary sanctions to [plaintiff] in the amount of $2,846.72."  The order then states, "Judgment of Dismissal is hereby granted with respect to the First Amended Complaint and the Cross-Complaint."

Focusing only on the sentence immediately above, defendant describes this document as a "judgment [that] **dismissed Plaintiff's** First Amended Complaint."  That is an inaccurate description of the order, which, in context, clearly found in favor of plaintiff on its first cause of action and dismissed *the remaining* causes of action.  Indeed, the same order recited that the court had granted summary adjudication on plaintiff's rescission cause of action.  Further, prior to the issuance of the order, plaintiff had filed a motion to dismiss the remaining causes of action, the second through fifth, of the first amended complaint.

We further disagree with defendant's characterization of the August 21, 2015, order as "the judgment," which is inconsistent with our prior opinion, in which we treated the document that was filed on September 9, 2015, as the judgment from which plaintiff appealed.  (See *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491 ["'The doctrine of "law of the case" deals with the effect of the *first appellate decision* on the subsequent *retrial or appeal:*  The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case'"].)  Although the record does not include an explanation for why the court filed two purported judgments, one

7

dated August 21, 2015, and one dated September 9, 2015, we assume that the court intended to vacate the August 21, 2015, order. (*Hulbert v. All Night & Day Bank* (1916) 29 Cal.App. 765, 767 ["'There shall be but one judgment in a judgment-roll, . . . if two are found therein the last in point of time is the only one which can be considered as a part thereof . . . . If necessary, therefore, it will be assumed that the former judgment was vacated.'"].)

Even if we declined to assume that the trial court intended to vacate the August 21, 2015, order, our prior holding that defendant's August 20, 2015, notice of appeal divested the court of jurisdiction to issue the September 9, 2015, judgment would require that we also conclude that it was without jurisdiction to issue the August 21, 2015, order and that the order is void as a matter of law.

Thus, the trial court's issuance of the August 21, 2015, order did not deprive the court of jurisdiction to enter its August 15, 2018, judgment. Indeed, after remittitur from this court on April 30, 2018, the trial court reassumed subject matter jurisdiction over the action. (See *Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 190 ["'When the remittitur issues, the jurisdiction of the appellate court ceases, and that of the trial court attaches'"].)

B.    *Fictitious Business Name Argument is Forfeited*

Defendant also contends that plaintiff did not file a fictitious business name statement in violation of Business and Professions Code section 17918 and thus was prohibited from filing suit in California. This is the same argument that

8

defendant raised in a motion filed in connection with his prior appeal, an argument that we rejected as waived or forfeited. In this appeal, defendant contends that he "clearly has not waived his defense as the answer to complaint lists the Eleventh Affirmative Defense as (Judicial Estoppel) . . . and the Twelfth Affirmative Defense as (Equitable Estoppel)."

Even if we were to ignore the law of the case doctrine and revisit defendant's argument, we would reject it. Defendant does not explain how judicial estoppel and equitable estoppel apply to his argument regarding Business and Professions Code section 17918. "'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.] 'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*).) Thus, we again conclude that defendant has forfeited the argument on appeal.

C.    *Remaining Arguments are Forfeited*

Defendant also argues that the trial court should have heard his motion challenging its jurisdiction before entering judgment. Defendant sought to augment the record with an "Exhibit 5," which was comprised of computer printouts from the superior court website reflecting that defendant had made a

9

"reservation" for a motion entitled "motion to challenge jurisdiction." We rejected defendant's request to augment the record with Exhibit 5. Even if we were to consider defendant's exhibit, it fails to demonstrate that defendant *filed a motion* that purported to challenge the court's jurisdiction. In any event, as we discussed above, the court had jurisdiction to enter the judgment from which defendant appeals.

Defendant also makes a reference to purported interference with interstate commerce and a violation of his due process rights. Because defendant fails to cite relevant authority or make a cogent argument in support, we reject these arguments as forfeited. (*Hernandez, supra*, 37 Cal.App.5th at p. 277.)[2]

---

[2] Defendant also filed motions to: "invalidate service of respondent's brief," "invalidate service of respondent's motion to dismiss appeal," and "invalidate service of respondent's motion for sanction against appellant." These motions are denied. Based on the service list attached to each challenged filing, plaintiff served defendant by mail at the address provided by defendant to this court.

Defendant filed a motion to strike the respondent's brief on the grounds that plaintiff failed to comply with the fictitious business name requirements. The motion is denied as waived or forfeited, as discussed above. Defendant also filed a motion to strike a declaration submitted by plaintiff in response to defendant's motions to invalidate service pursuant to Code of Civil Procedure section 436. The motion is denied. Defendant fails to explain how Code of Civil Procedure section 436 applies on appeal.

Finally, defendant filed two requests for judicial notice. One request was for all records and data filed with "the Clerk of Sacramento County." The other request was for judicial notice of the underlying trial court case, and the two Court of Appeal cases involving the parties here "in [their] entirety." We judicially

10

## IV.  DISPOSITION

The judgment is affirmed.  Plaintiff Old United Casualty Company, doing business as Vantage Casualty Company, is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


BAKER, Acting P. J.


MOOR, J.

---

notice the record in the Court of Appeal cases involving the parties here.  (Evid. Code, § 452, subd. (d).)  As to plaintiff's other requests, they are denied as irrelevant to the disposition of this appeal.  (See *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1089, fn. 4; *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194; Evid. Code, §§ 451–453, 459; see also Cal. Rules of Court, rule 8.252(a)(3) [party seeking judicial notice must attach matter to be noticed or explain why not practicable to do so].)